Huffman v. Rhodes.

HENRY HUFFMAN, APPELLEE, V. J. R. RHODES, ADMINISTRATOR, APPELLANT.

FILED JUNE 9, 1904.    No. 13,516.

1. **Final Order.** An order is not final when the substantial rights of the parties involved in the action remain undetermined and when the cause is retained for further action. In such a case, the order is interlocutory. When no further action of the court is required to dispose of the cause pending, the order becomes final and from which an appeal or proceedings in error will lie.

2. **Interlocutory Order.** The order and rulings of the trial court in the case at bar, set out in the opinion, *held* to be interlocutory and not final.

3. ———: **Vacating.** An interlocutory order or ruling may be reversed and vacated at a subsequent term by the same court, without compliance with the provisions of section 602 *et sequitur* of the code relating to the vacation and modification of judgments and final orders at a term subsequent to that in which rendered.

4. **Review.** Section 675 of the code does not give the right to have reviewed by the supreme court on appeal the decisions made by a county court in the settlement of the estate of a person deceased, but such decision can be here reviewed by error proceedings only. *Whalen v. Kitchen*, 61 Neb. 329.

APPEAL from the district court for Custer county: HOMER M. SULLIVAN, JUDGE. *Dismissed.*

*A. R. Humphrey* and *J. R. Dean,* for appellant.

*Homer M. Sullivan* and *C. L. Gutterson, contra.*

HOLCOMB, C. J.

Appellee moves for a dismissal of this cause out of court, on the ground that the action is not appealable under the provisions of section 675 of the code authorizing appeals only in actions in equity. The questions presented by the motion call for a determination of the nature and character of the present action which has been removed to this court by appeal as distinguished from proceedings in error.

The controversy had its inception in the probate court, wherein was filed by the appellee a claim for several hundred dollars against the estate of one Hiram Curtis, deceased, which was then being administered upon in that tribunal. From an adverse decision by the county judge, the claimant, appellee here, appealed his case to the district court. At the time of the trial in the district court, upon issues raised by the pleadings filed in the county court and from which it is obvious that the action was one at law for the recovery of an alleged indebtedness owing by the intestate to the claimant, and after the impaneling of a jury and the introduction of evidence by both parties the record recites: "After testimony had been introduced by both parties and both parties had rested, the following order and stipulation was made: It was announced by the court that as a matter of law the court concludes that the theory upon which plaintiff sought to recover in the county court and the facts upon which he sought to recover in the county court, raised a question that the county court had no jurisdiction to determine, and that the appeal to this court also leaves this court without jurisdiction to determine said case, and for the reason that neither court had jurisdiction, the action as a claim

against the estate ought to be dismissed.   Whereupon, by
agreement of all parties in open court, the plaintiff is to
file a petition in equity for an accounting, alleging the
trusteeship and trust relations of the deceased with the
plaintiff, and the suit shall proceed as an original action
against the administrator to establish the trust claimed by
plaintiff to be in his hands as such administrator, the ad-
ministrator agreeing to file an answer and the case to be
tried hereafter by the court as an equity action for an
accounting.   Whereupon, by the order of the court, the
jury is discharged from the further consideration of said
case.   It is further agreed between the parties, that all
costs up to this time in the county court, be paid by
plaintiff."   New pleadings were filed in which the intes-
tate was sought to be charged as trustee having received
and had control and the investment of certain moneys al-
leged to have come into his hands belonging to the claim-
ant and for an accounting, and a trust was sought to be
impressed upon the estate of the deceased for the satisfac-
tion of such obligation.   After joinder of issues under the
new pleadings filed after entry of the above mentioned
order, the record discloses that the cause came on again
to be heard at a subsequent term of court, at which time
the court found and concluded that, as a matter of law, the
order hereinbefore referred to holding that the county
court had no jurisdiction and that such cause could not
be maintained against the estate as a debt was erroneous
and wrong; and the court further concludes that since the
parties agreed that said case might be tried to the court
without a jury, that this court still has jurisdiction to
try and determine said case upon the theory upon which
it was begun in the county court.   Findings were there-
upon made to the effect that the estate was indebted to the
plaintiff in a specified sum which it was adjudged the
plaintiff was entitled to recover of and from the estate
and which should be allowed out of such estate and which
amount it was adjudged and decreed the plaintiff should
have and recover from the defendants in the action; and

the proceedings and judgment were ordered to be certified back to the county court.

The appellant's position regarding the effect of the proceedings had and the rulings made and judgment finally rendered, of which we have heretofore made mention, can probably be best stated in the words of counsel. In the brief in resistance to the motion to dismiss it is said: "The appellant contends that any claim that Henry Huffman had against the estate of Hiram Curtis, deceased, was ended on October 28, 1902, when the court made its announcement of no jurisdiction and discharged the jury, and the parties made their agreement in open court on that date. The appellant contends that the court which made the findings and the judgment of June 19, 1903, was absolutely without jurisdiction so to do, and that his findings and his judgment and all that he did are null and void." Can it be successfully contended that the ruling of the district court to the effect that the claim of the appellee against the estate was equitable in character and not triable as a legal action, and that both the county and the district court were without jurisdiction to hear and determine the controversy as a law action or special statutory proceeding, was a final order or judgment disposing of the merits of the controversy and from which error could be prosecuted? We think not. The ruling is lacking in essential requisites necessary to constitute a final order or judgment. The court did not dismiss the action then pending on appeal from the probate court. It only announced that the claimant's cause of action being equitable in its nature, the law action ought to be dismissed for want of jurisdiction, whereupon the parties in anticipation of the final action which was about to be taken agreed that they would reform the pleadings, convert the legal action into a suit in equity and try it as an action in equity. The agreement as to costs referred only to costs made in the county court, thus leaving the costs made in the district court to await further orders or to abide the result of the suit. These rulings and orders can be regarded only as

interlocutory. They fall short of the requirements of a final order or judgment from which an appeal or error would lie had either party so desired. It can hardly be doubted, had the proceedings stopped at the point we are considering that the rights of neither party could have been regarded as having been finally adjudicated. Nothing would have been tried or determined. Say this court:

"In defining what is a final order, we approve and adopt the rule stated in the case of *Smith v. Sahler*, 1 Neb. 310, in which it is said that an order is final when it affects a substantial right and determines the action. An order is interlocutory which dissolves an injunction when the same is an incident of the action, and the substantial rights of the parties involved in the action remain undetermined; when no further action of the court is required to dispose of the cause pending, it is final. When the cause is retained for further action, as in this case, it is interlocutory." *Clark v. Fitch*, 32 Neb. 511. See also *State v. Higby*, 60 Neb. 765; *Parmele v. Schroeder*, 61 Neb. 553.

What was in fact done in the case at bar was to stay the proceedings in the legal action, and by the acquiescence of the parties, the entry of an order having for its object the transformation of the action into a suit in equity by reforming the pleadings and the further prosecution of the appellee's demand against the estate as an action in equity. No order of dismissal of the law action was entered. No order with reference to the costs incurred in the district court was made. There was in short no finality to the action taken wherein it was agreed to transform the law action into a suit in equity and to reform the pleading so as to accomplish that result. The rule invoked by appellant with respect to the vacation and modification of judgments and final orders at a subsequent term to that in which rendered, therefore, has no application to the proceedings later on taken in the case at bar. After pleadings had been filed and the action had been apparently changed to one in equity, the case was again taken up for consideration and further hearing and the court then found

and concluded that the order directing the action to proceed as a suit in equity was wrong and erroneous and held that the court had jurisdiction to hear and determine the action as one on appeal from the judgment of the county court disallowing the claim filed by appellee against the estate, and as being a legal action or a statutory proceeding.

It was further determined that a trial on the merits should be had to the court without the intervention of a jury since the parties had by agreement waived a jury. These later rulings were in legal contemplation a reversal and vacation of the rulings first made, and annulled all that had been done in the way of transforming the action pending on appeal into one in equity, and placed the parties in the same situation in which they were before such rulings were first made. What the court then did was to hear and determine the action as pending on appeal from the county court, and under and by virtue of the jurisdiction derived by such appeal, and, as thus tried and determined, the action was in all essential characteristics a legal action and therefore not appealable under the provisions of section 675 of the code. The right of appeal of the action in the instant case as finally tried and decided is governed by the rule anounced in *Whalen v. Kitchen,* 61 Neb. 329, and on the authority of that case appellant can have the judgment complained of reviewed only by proceedings in error. The appeal will have to be dismissed, which is accordingly done.

MOTION SUSTAINED.