Howell v. Howell.

---

ANNIE E. HOWELL, APPELLEE, v. ERASTUS L. HOWELL, APPELLANT.

FILED MAY 6, 1911. No. 16,436.

1. **Divorce:** DECREE: OPENING DURING TERM. A decree rendered in a divorce case is usually within the control of the district court during the term at which it is rendered. If the court believes it necessary in the interest of justice to open it up and allow

further evidence to be taken at the same term, the matter is entirely within its discretion, and, unless an abuse of this discretion has been shown, this court will not interfere with it.

2. Evidence examined, and *held* not to support the findings and decree.

APPEAL from the district court for Douglas county: ALEXANDER C. TROUP, JUDGE. *Reversed and dismissed.*

*F. W. Fitch,* for appellant.

*Weaver & Giller, contra.*

LETTON, J.

This is an appeal from a decree of divorce granted by the district court for Douglas county. The petition charges habitual drunkenness on the part of defendant, and also cruelty and inhuman treatment. The case was called for trial on the 25th of May, 1909, and the evidence on behalf of plaintiff taken. At the conclusion of plaintiff's case defendant moved to dismiss, whereupon the court found against the plaintiff and dismissed the cause. Three days later, and at the same term of court, plaintiff filed a motion asking that the decree be vacated and set aside, and to be permitted to introduce further proof, on the ground of newly discovered evidence. On the 12th day of June the court set aside the decree. Testimony was then taken, the matter taken under advisement, and at a later day in the same term the court found that the plaintiff was entitled to a decree of divorce on the ground of extreme cruelty. The appellant makes two contentions: First, that the district court had no jurisdiction to enter the decree; and, second, that the decree is not sustained by the evidence.

As to the jurisdiction of the court to set aside the decree and open the case for further testimony, this was entirely within the discretion of the court, and, unless an abuse of its discretion has been shown, we cannot interfere with it. This court has been very liberal in holding that decrees of the district court are largely within its control during the term at which rendered. If the court

believes it necessary in the interests of justice to open up a decree in a divorce action at the same term and allow further evidence to be taken, it has that power. While this is a power that ought not to be lightly exercised, still, unless substantial injury to the rights of the complaining party has been shown, the final judgment will not be interfered with.

Defendant is charged in the petition with drunkenness, but the evidence totally fails to sustain this charge. He seems to have been intoxicated but once during all the years of their marriage. It is undisputed that he was a constant drinker of liquor, amounting, as the plaintiff testifies, to about a quart of whiskey in a week or ten days, but it is shown that it had been recommended by a physician, that both husband and wife believed that it was necessary for his health, and that she herself procured much of the whiskey for him under that impression.

The evidence as to the charges of cruelty adduced before the first judgment was rendered was also insufficient, and this judgment was clearly right, as the evidence then stood. The parties were married on October 7, 1888, at Norton, Kansas. At that time plaintiff was 18 years of age and the defendant was 37. From there they moved to Nebraska City, and later to South Omaha, where they went into the dairy business, at first leasing, and afterwards purchasing, a small tract of land for that purpose. When they first came to South Omaha, which was in 1900, they had two children, the older boy being 9 years old, and the younger son 6. The plaintiff appears to have been a strong and healthy woman, while the defendant was somewhat frail and of a nervous temperament. The proof shows that the wife was much the more energetic and efficient in the work connected with the dairy; that the greater part of the labor both in the house and connected with the business fell upon her shoulders, while the defendant took life more easily. Plaintiff complains very bitterly that she was compelled to do the heavy work about the place, milk the cows in winter and summer,

clean out the stable, and take care of the children, while defendant, as she testifies, remained in bed until she had the work done, when he would arise, eat his breakfast, and go out with the wagon to deliver the milk to the customers. She testifies that he compelled her to do this work; but we are satisfied that there was no actual compulsion about it, more than that she, and he also for that matter, believed that it was necessary the work should be done, and that he was physically unable to do it. They afterwards sold the dairy and divided the proceeds; plaintiff taking a rooming house in Omaha, and defendant going out as an agent or salesman. He returned and wanted to live with her again, but she refused to have anything to do with him, and seeks in this action to restrain him from molesting her.

The real question in this case is whether the additional evidence produced after the judgment was opened was sufficient, when taken in connection with that previously adduced, to warrant a finding that the charges in the petition had been sustained. This evidence is, in substance, that he was guilty of compelling her to submit to excessive sexual intercourse under conditions which were injurious to her health, and which were degrading in their tendency. This testimony is flatly denied by the defendant, and does not seem to be corroborated, while other testimony seems to indicate in some degree another reason for plaintiff's desire to get rid of the defendant. The specific allegations of cruelty in the petition are meagre, though set forth in many words, and such as are set forth were not proved at the trial. The additional evidence does not support and is not responsive to the specific allegations of cruelty made by the petition, and when the incompetent and hearsay testimony is disregarded there is little evidence left applicable to any material allegation. Such being the case, the judgment of the district court must be reversed and the cause dismissed.

REVERSED AND DISMISSED.