GRACE GOLDENSTEIN, APPELLANT, V. FRANK GOLDENSTEIN,
APPELLEE.

FILED SEPTEMBER 22, 1923. No. 22502.

1. **Divorce:** JURISDICTION. Under the provisions of section 3, ch. 45, Laws 1909 (Comp. St. 1922, sec. 1555), the authority of the district court over its decrees in divorce actions was extended, as if in term time, to the period of six months after trial and decision.

2. ———: DECREE: POWER TO VACATE. An order of the trial court in reference to the vacation of a decree awarding a plaintiff wife a sum in gross as permanent alimony, which order is made after the expiration of the six months' period, must rest upon the grounds of like orders made in cases after term time.

3. ———: INTERLOCUTORY DECREE. An order of the district court in a divorce action vacating a former decree as to permanent alimony, and which expressly reserves for the future consideration and judgment of the court the amount of alimony to be granted and all allowances for the support of plaintiff and the children, and also the determination of defendant's application to set aside the decree of divorce is, for the purposes of appeal, interlocutory, and not final.

APPEAL from the district court for Gage county: LEONARD W. COLBY, JUDGE. *Judgment modified.*

*Sabin & Vasey,* for appellant.

*Safranek, Dutton & Massey, contra.*

Heard before MORRISSEY, C. J., LETTON and GOOD, JJ., BLACKLEDGE and REDICK, District Judges.

BLACKLEDGE, District Judge.

The controversy submitted on this appeal arises upon the rendition and subsequent modification of a decree in the district court for Gage county awarding the plaintiff divorce and alimony.

The case was originally tried and decree entered December 1, 1920. By this decree the plaintiff was awarded an absolute divorce, custody of the two minor children of the parties, provision for an unborn child, and was given permanent alimony in the sum of $8,000, made payable in four instalments of $2,000, maturing, respectively, May 1, 1921, and January 1, 1922, 1923 and 1924, with interest at 5½ per cent. per annum from

June 1921, and, if not paid at maturity, at 7 per cent. per annum from maturity until paid. There were further provisions respecting a monthly amount that should be paid to the plaintiff until the maturity of her first alimony instalment May 1, and credited against the same, and for the support of the minor children and her approaching confinement, which items need not be further noticed here.

In January, 1921, the judge who had tried the case and rendered the decree retired from office and was succeeded by another judge before whom the later proceedings herein considered were had. The case was originally tried upon the petition, answer, and reply of the parties, both parties producing testimony and the trial lasting two days. No appeal was taken by either party.

Afterwards, on February 5, 1921, the defendant filed in the district court a petition to vacate or modify said decree. On April 13, following, he filed his amended petition, to which the plaintiff on June 20 filed answer. No reply seems to have been filed, but on June 20 a hearing was had and the court entered an order providing that the findings and decree of December 1, 1920, for alimony and other allowances, except in so far as they had been complied with by the defendant, were set aside and discharged and he and his property released therefrom, and further providing that the amount of alimony for plaintiff and of allowance for the support of plaintiff and her children were reserved by the court for its future consideration and judgment, and without prejudice to either party upon the hearing of defendant's application to vacate the decree of divorce. The parties were also given ten days in which to file affidavits and make additional showing to be used in the hearing of defendant's application to set aside the divorce decree. On September 27 at the same, or June, 1921, term, a further hearing was had and an order entered overruling the application of the defendant to open and set aside the decree of divorce, making certain

specific findings as to the property and indebtedness
of the defendant, and providing that defendant pay $40
a month beginning October 1, 1921, $20 thereof to be
used for the support of the plaintiff and $20 for the
support of the three minor children in her custody.

The June term of said court adjourned *sine die* October
1, and thereupon plaintiff undertook to settle a bill of ex-
ceptions which was submitted to adverse counsel on
December 13. It was finally settled December 24, but
in so doing was divided into three parts designated as:
(1) The evidence upon the application to set aside the
judgment for alimony and allowance for support of chil-
dren; (2) the evidence upon hearing of defendant's
petition to set aside the decree of divorce; and (3) the
evidence upon the hearing of plaintiff's application for
allowance of alimony and support of the minor children.

The appeal was filed in this court December 19, 1921,
and the brief of appellant on March 23, 1922. In this
court the appeal was submitted upon the brief and argu-
ment of appellant only, but in the meantime, on June
1, 1922, motions were filed on behalf of the appellee to
dismiss the appeals and suggesting diminution of the
record, the defendant presenting a further order of the
district court made December 1, 1921.

It is contended by the appellee that the said order
of June 20 was a final order, and, no appeal having
been prosecuted therefrom within the time allowed by
law, the same should not be considered nor the bill of
exceptions allowed. It is further contended that the
order of September 27, in so far as it refused to set
aside the divorce decree, was in appellant's favor and
she could not complain of that, and that, in so far as
it fixed an allowance in the nature of alimony for the
support of plaintiff and the children, it had been vacated
and superseded by the order of December 1, 1921, and
hence furnished no basis for appeal.

As stated, the June term of court adjourned October
1. This order of December 1, 1921, was made at a

subsequent term, and also appears from the record to have been made without application by, or notice to, either of the parties to the case, or in their presence, and there is disclosed no basis of either pleading or evidence for the same; hence, although it purports to relieve the defendant from payment of the allowance designated by the order of September 27, until further order of the court, it is considered as of no validity and will not be given further attention in this discussion.

The real question involved in this appeal is as to the authority for, or propriety of, the modification of the original decree by which it was undertaken to eliminate the allowance of $8,000 permanent alimony; and the question whether the order of June 20, 1921, was final or interlocutory, and its status as affected by the appeal sought to be taken from the order of September 27.

With reference to the action of June 20, 1921, it was argued by the appellee that, under the authority of *Beard v. Beard,* 57 Neb. 754, *Wunrath v. Peoples Furniture & Carpet Co.,* 98 Neb. 342, and *Bannard v. Duncan,* 65 Neb. 179, the same was a final order. We think, however, that the proper practice has been fairly well defined by cases more closely applicable. In *Everson v. Everson,* 101 Neb. 705, the scope of the act of 1909 (Comp. St. 1922, sec. 1555) was considered and held to be to extend the jurisdiction of the trial court over such cases for the period of six months after decision, as it otherwise had during term time. An order made within such period was held not final or appealable. The later case of *Blakely v. Blakely,* 102 Neb. 164, seems to apply the rule in instances where the application for modification is made during the six months' period although acted upon at a later date. Without determining this question, we think that the nature of this order itself, as disclosed by its own terms, indicates that it was not, and could not be, a final order. It expressly reserves the very thing which was the point of contention for the future consideration and judgment of the

court. This court held in *Howell v. Howell,* 89 Neb.
243, that such a decree is usually within the control of
the court during the term at which it is rendered, and
if the court believes it necessary in the interests of
justice to open it up and allow further evidence to be
taken at the same term, the matter is entirely within
its discretion; and in *Huffman v. Rose,* 72 Neb. 57, that
an order is not final when the substantial rights of the
parties involved in the action remain undetermined and
when the case is retained for further action. In such
case the order is interlocutory. When no further action
of the court is required to dispose of the case, the order
becomes final, and from which an appeal or proceedings
in error will lie. Applying this rule and having regard
to the provisions of the order itself, we must hold that
the order in question of June 20 was, for the purpose
of appeal, interlocutory, and not final. It follows that
the appeal from the judgment or order of September
27 brought up the whole case, and it is now before us
upon the question of the modification of the decree.

Looking, now, to the contents of this application for
a modification of the decree, we find that it is based, not
upon any new cause or subsequent event arising or
taking place after the trial, but upon things alleged to
have taken place during the trial itself and in connection
therewith. The import of the allegations is to the
general effect that much of the testimony on plaintiff's
behalf was untrue, and that the trial court was misled
thereby in making its findings and decree. The court,
as constituted at the time of the hearing now under
review, had not heard the testimony given at the trial
nor seen the witnesses; neither was such testimony
before the court in the form of a transcript thereof or
otherwise. The bill of exceptions, or the part thereof
which is herein designated as containing all the evidence
submitted upon that phase of the case, includes only
the amended petition of the defendant to vacate the
decree, the answer of the plaintiff thereto with exhibits

Goldenstein v. Goldenstein.

attached, and the affidavits of three persons upon the value of defendant's land, which place the same at $200 an acre. The trial court originally found defendant's net worth to be $25,000. The evidence contained in this bill of exceptions does not disclose anything as to the value of his personal property, and was wholly insufficient to justify the modification of the alimony judgment.

So far as concerns the modification of the monthly allowance for the support of the wife and the children, that was by statute placed under control of the court, and was perhaps within the authority of the court and should not be disturbed, except in so far as is hereinbefore indicated with reference to the effect of the order of December 1, 1921.

The parties are entitled to a determination of their rights, and, in view of the circumstances of this case, a judgment will be entered in this court that the amount of the original decree for the sum of $8,000 permanent alimony in favor of the plaintiff be reinstated as of December 1, 1920, payable $2,000, May 1, 1921, and $2,000, January 1, 1922, and a like amount January 1, 1923, and January 1, 1924, the same bearing interest at 5½ per cent. per annum from June 2, 1921, to maturity, and 7 per cent. per annum thereafter; subject, however, to a deduction of $465, paid on the instalment first maturing, making the net amount of that instalment for which judgment is rendered $1,535; and also reinstating as of September 27, 1921, the award of $20 to be paid to the clerk of the district court for plaintiff monthly beginning October 1, 1921, for the support of the minor children, this monthly amount subject to future modification by the court as by law provided. Costs in the case and on this appeal are taxed to the defendant.

The several judgments and orders of the district court are modified accordingly.

JUDGMENT MODIFIED.