SCOTTSDALE INSURANCE COMPANY, APPELLEE, V. CITY OF LINCOLN, APPELLANT AND CROSS-APPELLEE, AND ALLIED MUTUAL INSURANCE COMPANY, INTERVENOR-APPELLEE AND CROSS-APPELLANT.

617 N.W.2d 806

Filed September 15, 2000.    No. S-99-771.

Dana W. Roper, Lincoln City Attorney, for appellant.

Francis T. Belsky, of Katskee, Henatsch & Suing, for appellee.

Stephen L. Ahl and Thomas B. Wood, of Wolfe, Snowden, Hurd, Luers & Ahl, for intervenor-appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

CONNOLLY, J.

In this appeal, we take the opportunity to remind the practicing bar of the effect of Neb. Rev. Stat. § 25-705(6) (Cum. Supp. 1998), which became effective July 15, 1998. City of Lincoln (the City) appeals from an order of the district court sustaining the motion for summary judgment brought by one of the appellees, Scottsdale Insurance Company (Scottsdale). In the same order, the district court denied a motion for summary judgment brought by a second appellee and cross-appellant, intervenor Allied Mutual Insurance Company (Allied). We dismiss the appeal for lack of jurisdiction pursuant to § 25-705. The rights of all the parties were not adjudicated, the district court did not expressly determine that there was no just reason for delay, and the district court did not expressly direct an entry of judgment.

## BACKGROUND

In 1993, Windy D. Thomas was injured when the car in which she was riding was struck by a car that was being pursued by a Lincoln police officer. Thomas received a judgment against the City for damages she sustained as a result of the accident. The City then demanded that Scottsdale indemnify it for the judgment, pursuant to an insurance policy between the City and Scottsdale. Scottsdale filed an action seeking a declaratory judgment that no coverage was afforded under the policy. The City also held an insurance policy issued by Allied and demanded that Allied indemnify it for the judgment. Allied intervened in the action and sought a declaratory judgment that the policy issued by Scottsdale did extend coverage and that the policy issued by Allied did not extend coverage.

Both Scottsdale and Allied brought motions for summary judgment. The district court sustained Scottsdale's motion, but

denied Allied's motion. In its order, the district court did not make an express finding that there was no just reason for delay, and it did not expressly order the entry of a judgment. The City appeals, and Allied cross-appeals.

### ASSIGNMENT OF ERROR

The City assigns on appeal, and Allied assigns on cross-appeal, that the district court erred in sustaining Scottsdale's motion for summary judgment.

### STANDARD OF REVIEW

■ The question of jurisdiction is a question of law, upon which an appellate court reaches a conclusion independent of the trial court. *Cao v. Nguyen*, 258 Neb. 1027, 607 N.W.2d 528 (2000).

### ANALYSIS

The City and Allied contend that the district court erred in sustaining Scottsdale's motion for summary judgment. The order of the district court, however, also denied Allied's motion for summary judgment.

■ Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. *Billingsley v. BFM Liquor Mgmt.*, 259 Neb. 992, 613 N.W.2d 478 (2000); *Airport Auth. of Village of Greeley v. Dugan*, 259 Neb. 860, 612 N.W.2d 913 (2000). For an appellate court to acquire jurisdiction of an appeal, there must be a final order entered by the court from which the appeal is taken; conversely, an appellate court is without jurisdiction to entertain appeals from nonfinal orders. *Chief Indus. v. Great Northern Ins. Co.*, 259 Neb. 771, 612 N.W.2d 225 (2000). When an appellate court is without jurisdiction to act, the appeal must be dismissed. See *id.* Section 25-705(6), effective July 15, 1998, provides:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason

for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

█ In this case, the district court sustained Scottsdale's motion for summary judgment, but denied Allied's motion. Thus, the order of the district court did not adjudicate the rights and liabilities of all the parties to the action. Pursuant to § 25-705, an order that adjudicates the rights and liabilities of fewer than all the parties will constitute a final, appealable order only if the trial court expressly directs the entry of a final judgment as to the party or parties adjudicated and expressly determines that there is no just reason for delay. See *Chief Indus. v. Great Northern Ins. Co., supra* (stating this rule in relation to cases involving multiple claims). The district court in this case made no express determinations in its order. Thus, the order from which the City appeals is not a final, appealable order. The City's appeal and Allied's cross-appeal are dismissed.

APPEAL DISMISSED.