TERESA L. TEMPLETON, APPELLEE, V.
MICHAEL A. TEMPLETON, APPELLANT.
622 N.W.2d 424

Filed February 13, 2001.   No. A-00-167.

938

Michael W. Heavey, of Colombo & Heavey, P.C., for appellant.

Elaine L. D'Amato for appellee.

IRWIN, Chief Judge, and INBODY and CARLSON, Judges.

CARLSON, Judge.

## INTRODUCTION

Michael A. Templeton, natural father of Jeffrey, David, and Greggory, appeals from the modification of a dissolution decree that terminated joint custody over David and Greggory, and awarded sole custody to Teresa L. Templeton, the children's natural mother. Michael also appeals the modification of the parties' respective child support obligations with regard to Jeffrey, who had been placed in Teresa's custody in an earlier modification. For the reasons set forth below, we affirm in part, and in part reverse and remand for further proceedings.

## BACKGROUND

In a dissolution decree filed October 31, 1990, Teresa was awarded custody of the three children born during her marriage to Michael: Jeffrey, born September 26, 1984; David, born April 28, 1986; and Greggory, born May 4, 1987. Michael was ordered to pay $600 per month child support for the children. On February 7, 1992, the decree was modified, apparently by stipulation of the parties, to provide for joint custody of all three children with possession in Michael and reasonable visitation with Teresa. Teresa was also ordered to pay child support of $60 per month. At a time prior to the instant proceedings not specified in the record, Michael and the three children moved to Iowa. According to the pleadings, the Iowa juvenile court system subsequently acquired jurisdiction over the children and in January 1999 removed the children from Michael's home because of abuse by Michael. The children resided briefly with

Teresa, but were returned to the physical custody of the Iowa juvenile court system in February 1999. Michael was convicted of simple assault against the children in May 1999.

On April 1, 1999, in the Sarpy County District Court, Teresa moved to once again modify the 1990 decree. In that application, Teresa stated that Jeffrey had been residing with her since March 1998 and sought sole custody of him as well as child support for him. On August 12, 1999, custody of Jeffrey was awarded to Teresa. That order, however, was silent as to child support, instead providing that all other provisions of the original decree as modified in February 1992 were left intact. There is no indication in this record that the August 12 order was appealed.

On October 4, 1999, Teresa filed the instant petition, seeking sole custody of Greggory and David, and child support for them. Michael filed a plea in abatement, which was denied. A hearing was held on January 6 and 11, 2000. On January 7, during the hearing on Teresa's application with regard to David and Greggory, the district court entered an order regarding Jeffrey. In that order, the district court noted that although custody of Jeffrey had previously been awarded to Teresa by order of the court on August 12, 1999, no provision had been made for child support on his behalf. Stating that it had "received exhibits which enable the Court to make a temporary order for his support," the court then ordered Michael to pay child support for Jeffrey in the amount of $512 per month, retroactive to September 1, 1999, resulting in an arrearage of $2,560 as of the date of the modification order. The court also terminated Teresa's obligation to pay child support for Jeffrey, retroactive to February 1, 1999.

On January 11, 2000, the district court awarded sole custody of Greggory and David to Teresa, but stayed issues of child support and visitation until the Iowa juvenile court terminated its jurisdiction over Greggory and David. On January 18, Michael filed a motion for new trial, which was denied on January 28. Michael filed a notice of appeal on February 11.

## ASSIGNMENTS OF ERROR

Michael makes six assignments of error: The district court abused its discretion (1) in failing to sustain his plea in abatement; (2) by retroactively terminating Teresa's child support obligation,

effective at a point in time prior to the filing of her motion to modify; (3) in imposing a retroactive child support obligation on him, effective at a point in time prior to the filing of Teresa's motion to modify; (4) in imposing a child support obligation on him in the absence of a showing of a material change of circumstances; (5) in acting upon issues not raised by the pleadings; and (6) in transferring custody of Greggory and David to Teresa.

Although she does not cross-appeal, Teresa has raised the issue of jurisdiction in her responsive brief. In addition, both parties have submitted supplemental briefs on jurisdiction, pursuant to an order of this court.

## STANDARD OF REVIEW

Although an appellate court ordinarily considers only those errors assigned as error and discussed in the briefs, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. See *In re Interest of Artharena D.*, 253 Neb. 613, 571 N.W.2d 608 (1997). When a jurisdictional question does not involve a factual dispute, its determination is a matter of law, which requires an appellate court to reach a conclusion independent from the decisions made by the inferior courts. *Smith-Helstrom v. Yonker*, 249 Neb. 449, 544 N.W.2d 93 (1996).

A plea in abatement is analogous to a special appearance, *Williams v. Gould, Inc.*, 232 Neb. 862, 443 N.W.2d 577 (1989), and, accordingly, presents a jurisdictional question of law, regarding which an appellate court makes its own determination independent of the trial court's judgment, *Holste v. Burlington Northern RR. Co.*, 256 Neb. 713, 592 N.W.2d 894 (1999).

The determination as to modification of a dissolution decree is a matter of discretion for the trial court, and its decision will be reviewed on appeal de novo on the record and will be reversed upon a finding of an abuse of discretion. *Sneckenberg v. Sneckenberg*, 9 Neb. App. 609, 616 N.W.2d 68 (2000). See *Rauch v. Rauch*, 256 Neb. 257, 590 N.W.2d 170 (1999).

## ANALYSIS

*Jurisdiction.*

Teresa asserts that because the order in the present case did not make a final determination regarding child support and vis-

itation, it is not a final and appealable order as it pertains to custody of the children. According to Teresa, the fact that the Sarpy County District Court deferred ruling on those issues, pending relinquishment of jurisdiction by the Iowa courts, this court is without jurisdiction to hear the appeal.

■ An appellate court is without jurisdiction to entertain appeals from nonfinal orders. *Charles Vrana & Son Constr. v. State*, 255 Neb. 845, 587 N.W.2d 543 (1998). Neb. Rev. Stat. § 25-1911 (Reissue 1995) provides that a judgment rendered or final order made by the district court may be reversed, vacated, or modified for errors appearing on the record. Neb. Rev. Stat. § 25-1902 (Reissue 1995) defines a final order as "[a]n order affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment, and an order affecting a substantial right made in a special proceeding, or upon a summary application in an action after judgment."

■ To constitute a final, appealable order under the first category, the case must involve an order which affects a substantial right in an action and which determines the action and prevents a judgment. *O'Connor v. Kaufman*, 255 Neb. 120, 582 N.W.2d 350 (1998); *Hake v. Hake*, 8 Neb. App. 376, 594 N.W.2d 648 (1999). Such an order must dispose of the whole merits of the case and must leave nothing for further consideration of the court, and thus, the order is final when no further action of the court is required to dispose of the pending cause; however, if the cause is retained for further action, the order is interlocutory. *Rohde v. Farmers Alliance Mut. Ins. Co.*, 244 Neb. 863, 509 N.W.2d 618 (1994).

■ To constitute a final, appealable order under the second category, the order must affect a substantial right made during a special proceeding. *O'Connor v. Kaufman, supra.* Special proceedings entail civil statutory remedies not encompassed in chapter 25 of the Nebraska Revised Statutes. *State v. Silvers*, 255 Neb. 702, 587 N.W.2d 325 (1998). Special proceedings have also been described as every special statutory remedy which is not in itself an action. *Id.*

■ As noted above, Teresa asserts that we are without jurisdiction to hear this appeal. Michael asserts that there was a final

order regarding custody and argues that the trial court's finding that custody should be changed affects a substantial right. We agree with Michael. The trial court's change of custody clearly affects a substantial right, clearly impacting Michael's right to the custody and care of David and Greggory. Further, because this motion to modify a dissolution decree is brought pursuant to chapter 42 of the Nebraska Revised Statutes, it is not encompassed in chapter 25 and is therefore a special proceeding as that term is used in § 25-1902. See *State v. Silvers, supra* (special proceedings entail civil remedies not encompassed in chapter 25). The district court accordingly made a final and appealable order. We now turn to the substantive issues presented by this appeal.

*Plea in Abatement.*

Michael first appeals the overruling of his plea in abatement. In that plea, Michael suggested that abatement was appropriate because a proceeding involving David and Greggory was pending in the juvenile court for Pottawattamie County, Iowa. That motion was denied on November 12, 1999.

A defendant may file a plea in abatement when there is another action pending between the same parties, involving the same or substantially the same subject matter, cause of action, and relief. *State ex rel. Pederson v. Howell*, 239 Neb. 51, 474 N.W.2d 22 (1991). However, "[t]he general rule that pendency of a prior action between the same parties for the same cause may be pled in abatement of a subsequent action will *not* be sustained where the prior action is pending *in a court of a foreign or different jurisdiction.*" (Emphasis supplied.) *Miller v. Miller*, 213 Neb. 219, 222, 328 N.W.2d 210, 211 (1982).

Although a plea in abatement prevents unnecessary or vexatious judicial proceedings, it is nonetheless considered dilatory and technical and as a rule is not favored by the courts. *Larsen v. First Bank*, 245 Neb. 950, 515 N.W.2d 804 (1994). It will therefore generally not be sustained unless the party interposing it clearly shows that he or she is within its purpose. *Id.* Pursuant to that standard, we hold that the trial court properly denied Michael's plea in abatement. This assignment of error is

accordingly rejected, and the trial court's order overruling the plea in abatement is affirmed.

*Child Support Obligation Regarding Jeffrey.*

Michael next takes issue with that portion of the modification order requiring him to pay child support for Jeffrey and relieving Teresa of her child support obligation. Michael asserts that the issue was not raised in Teresa's pleading and that the trial court accordingly abused its discretion by acting upon that issue. We agree.

The allegations of the instant application relate solely to modification of the dissolution decree as it relates to Greggory and David, and the application is silent with regard to child support for Jeffrey. Nor is there any showing that Michael was given notice that such issue would be considered by the trial court. Neb. Rev. Stat. § 42-364 (Reissue 1998) provides that the trial court on its own motion may make subsequent changes or modifications in a decree of dissolution of a marriage in relation to any minor children and their maintenance when required. However, such changes may be made only after notice to the parties and an opportunity to be heard. See, *Tautfest v. Tautfest*, 215 Neb. 233, 338 N.W.2d 49 (1983) (construing § 42-364 (Reissue 1978), which in relevant part contains identical language to § 42-364(1) (Reissue 1998), and setting aside award of physical custody); *Francis v. Francis*, 195 Neb. 417, 238 N.W.2d 468 (1976). See, also, § 42-364(1) ("[s]ubsequent changes may be made by the court after hearing on such notice as prescribed by the court").

Requiring Michael to pay child support for Jeffrey and relieving Teresa of her child support obligation for him without notice to Michael constitutes an impermissible grant of relief extraneous to the issues presented by this case and is accordingly set aside. This holding makes it unnecessary for this court to consider other issues relating to that child support obligation, and we accordingly will not do so. An appellate court is not obligated to engage in an analysis which is not necessary to adjudicate the case and controversy before it. *Springer v. Bohling*, 259 Neb. 71, 607 N.W.2d 836 (2000); *Kelly v. Kelly*, 246 Neb. 55, 516 N.W.2d 612 (1994).

*Change of Custody for David and Greggory.*

Finally, Michael asserts that the district court abused its discretion by awarding sole custody of David and Greggory to Teresa. We disagree.

Section 42-364 mandates that custody of minor children be determined on the basis of their best interests. In determining a child's best interests under § 42-364, courts

> "may consider factors such as general considerations of moral fitness of the child's parents, including the parents' sexual conduct; respective environments offered by each parent; the emotional relationship between child and parents; the age, sex, and health of the child and parents; the effect on the child as the result of continuing or disrupting an existing relationship; the attitude and stability of each parent's character; parental capacity to provide physical care and satisfy educational needs of the child; the child's preferential desire regarding custody if the child is of sufficient age of comprehension regardless of chronological age, and when such child's preference for custody is based on sound reasons; and the general health, welfare, and social behavior of the child."

*Ritter v. Ritter*, 234 Neb. 203, 211-12, 450 N.W.2d 204, 211 (1990) (quoting *Christen v. Christen*, 228 Neb. 268, 422 N.W.2d 92 (1988)).

The record suggests that both Michael and Teresa are less than ideal parents, with evidence of behavior by each that would cause concern to any court making a custody determination. The testimony reveals that Teresa has had difficulty at times in controlling her children. Nonetheless, there is also evidence that Teresa has been generally cooperative with counselors and social service providers, that she is attentive to the children's needs, and that she would provide a relatively stable home environment for the children's educational and emotional needs. Both David and Greggory also stated at the hearing that they would prefer to live with Teresa.

The record further shows that Michael has used poor judgment and inappropriate disciplinary measures in the past, to the point that the children were removed from his custody by the

Iowa department of human services and to the point that Michael was convicted of assault against the children. Such an incident clearly raises serious doubts as to his parental skills and capacity. The Nebraska Supreme Court has noted:

> It is this type of case, where neither parent can be described as unfit in a legal sense but neither can be described as an ideal parent, that we give particular weight to the fact that the trial court saw and heard the witnesses in making necessary findings as to the best interests and welfare of the children.

*Davidson v. Davidson*, 254 Neb. 357, 369, 576 N.W.2d 779, 786 (1998). Such deference is even more appropriate in this case, where a strong argument could be made that Michael is, in fact, unfit in a legal sense.

Child custody determinations are to be affirmed in the absence of an abuse of discretion. *Jack v. Clinton*, 259 Neb. 198, 609 N.W.2d 328 (2000). A judicial abuse of discretion exists when a judge, within the effective limits of authorized judicial power, elects to act or refrain from action, but the selected option results in a decision which is untenable and unfairly deprives a litigant of a substantial right or a just result in matters submitted for disposition through a judicial system. See *Wulff v. Wulff*, 243 Neb. 616, 500 N.W.2d 845 (1993). See, also, *Adrian v. Adrian*, 249 Neb. 53, 541 N.W.2d 388 (1995).

In this case, the trial court observed the witnesses and found that a material change in circumstances had been shown and that transfer of custody was in the best interests of the children. Given the standard of review and the nature of the case, we cannot say that the trial court abused its discretion by granting custody of the children to Teresa. We accordingly affirm the change of custody.

## CONCLUSION

It is therefore ordered that the order of January 7, 2000, ending the child support of Teresa and ordering child support to be paid by Michael, is reversed. It is further ordered that the order of January 11, 2000, granting sole custody of David and Greggory to Teresa, is affirmed. Questions of child support and

visitation are remanded to the trial court for further proceedings according to law.

AFFIRMED IN PART, AND IN PART REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.