HEATHER D. PAULSEN, APPELLANT, V.
ROBERT D. PAULSEN, APPELLEE.
634 N.W.2d 12

Filed June 12, 2001.   No. A-00-1276.

James H. Hoppe and Matthew K. Kosmicki for appellant.

John E. Samson, of Samson Law Office, P.C., L.L.O., for appellee.

HANNON, SIEVERS, and INBODY, Judges.

HANNON, Judge.

Heather D. Paulsen and Robert D. Paulsen were divorced by a decree of dissolution on November 6, 1996. The dissolution decree ordered joint legal custody of the parties' only child, Bailey BreAnn, and physical custody was to be with Robert. Thereafter, the parties litigated the custody issue often. On January 13, 1999, Heather was awarded physical custody. On January 3, 2000, Robert filed an application for modification,

specifically requesting that the trial court award him custody, child support, and attorney fees. In an order filed November 27, the trial court found a material change of circumstances, awarded custody to Robert subject to reasonable visitation by Heather, and ordered each party to pay his or her own attorney fees. That order also provided, "Pursuant to the stipulation of the parties, child support will be determined at a subsequent hearing." Heather appealed, alleging the trial court erred in finding a change of circumstances and in awarding custody to Robert. We dismiss for lack of jurisdiction because the order appealed from did not determine child support and therefore was not final.

## BACKGROUND

The parties were divorced on November 6, 1996. Pursuant to the parties' agreement, they were awarded joint custody of Bailey, born March 29, 1995. Physical custody was placed in Robert with Heather paying $201 per month for child support and day-care obligations and with Heather having reasonable visitation. Later orders were entered concerning specific visitation and transportation. On January 13, 1999, physical custody was awarded to Heather by agreement subject to reasonable rights of visitation in Robert with him paying $313 per month in child support commencing December 1, 1998, and with Heather being given the right to move Bailey to Arkansas. On February 9, 1999, the court entered an order designed to facilitate visitation in view of the distance separating Heather's and Robert's residences.

On January 3, 2000, Robert filed an application for modification wherein he alleged a material change of circumstances in that since late February 1999, Heather had not allowed him to visit or communicate with Bailey. He prayed that he be awarded custody, child support, and reasonable attorney fees and costs. The court entered a temporary order for counseling and the development of a parenting plan. The transcript contains Heather's response, filed February 4, 2000, which amounts to a general denial and a request that she be awarded attorney fees and costs.

A journal entry shows that Heather had later moved with Bailey to Alabama, and the court entered orders attempting to require and facilitate Robert's visitation with Bailey.

A hearing was held on Robert's application on October 18, 2000, and a journal entry was filed November 27, 2000. The entry contains the findings and orders of the court from which Heather now appeals. The court made specific findings regarding the ways in which Heather had deprived Robert of visitation and correspondence and the fact that she had moved Bailey from Arkansas to Alabama without notifying Robert or the court. The trial court found Heather's allegation of abuse by Robert to be unsubstantiated and then found a material change of circumstances, awarding custody to Robert with visitation pursuant to a parenting plan which the order stated had been entered into evidence. (We were unable to locate any parenting plan in the record, and at the close of the hearing, the attorneys discussed that they would be able to "figure out this parenting plan and stick that in the record.") The order also provided that "[p]ursuant to the stipulation of the parties, child support will be determined at a subsequent hearing." Each party was ordered to pay his or her own attorney fees and one half of the fees for Bailey's attorney.

## ASSIGNMENT OF ERROR

Heather appeals and alleges the trial court erred when it found a material change of circumstances which warranted a change of custody and therefore awarded custody to Robert.

## STANDARD OF REVIEW

The Nebraska Supreme Court in *Scottsdale Ins. Co. v. City of Lincoln*, 260 Neb. 372, 374, 617 N.W.2d 806, 808 (2000), stated:

> Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. . . . For an appellate court to acquire jurisdiction of an appeal, there must be a final order entered by the court from which the appeal is taken; conversely, an appellate court is without jurisdiction to entertain appeals from nonfinal orders. . . . When an appellate court is without jurisdiction to act, the appeal must be dismissed. [Citations omitted.]

The order of November 27, 2000, modified child custody, but did not determine child support and expressly reserved that

question for later determination. Robert's application prayed for custody and child support, and the court order that was in effect when Robert filed that application required Robert to pay $313 child support. We must determine whether the trial court's November 27 order was an appealable order because it reserved that question.

## ANALYSIS

The Nebraska Supreme Court has stated:

The three types of final orders which may be reviewed on appeal are (1) an order which affects a substantial right in an action and which in effect determines the action and prevents a judgment, (2) an order affecting a substantial right made during a special proceeding, and (3) an order affecting a substantial right made on summary application in an action after a judgment is rendered.

*In re Estate of Peters*, 259 Neb. 154, 158, 609 N.W.2d 23, 26 (2000).

"A special proceeding entails civil statutory remedies not encompassed in chapter 25 of the Nebraska Revised Statutes." 259 Neb. at 158, 609 N.W.2d at 26. Modification of child custody and support in a dissolution action is made pursuant to Neb. Rev. Stat. § 42-364 (Reissue 1998) and is therefore a special proceeding. *State ex rel. Reitz v. Ringer*, 244 Neb. 976, 510 N.W.2d 294 (1994). We are therefore only considering an issue involving a final order in a special proceeding.

The problem presented in this case stems from the jurisdictional implications of an order in a special proceeding which fails to decide all of the issues submitted to the court in that proceeding, and specifically reserves ruling on one of such issues. The Nebraska Supreme Court dealt with this problem in a dissolution case most recently in *Huffman v. Huffman*, 236 Neb. 101, 459 N.W.2d 215 (1990), and in *Gerber v. Gerber*, 218 Neb. 228, 353 N.W.2d 4 (1984).

In *Huffman*, a noncustodial father filed his appeal of the trial court's denial of his motion to change custody and visitation more than 30 days after the trial court pronounced that his request to change custody was denied but that it was taking visitation under advisement; however, the appeal was filed only a few days

after the trial court's subsequent written order which decided both custody and visitation. The mother in *Huffman* asserted that the oral pronouncement was a final, appealable order and that therefore the father did not timely appeal the custody issue. The Nebraska Supreme Court held that the oral pronouncement could not be final and appealable, noting the solitary pleading which raised multiple issues determinable in one proceeding:

> [W]e hold that when an application is filed to modify a decree in a marital dissolution action, and the modification application pertains to more than one issue involving children affected by the dissolution decree, a court's *resolution of one issue raised by the modification application, but retention or reservation of jurisdiction for disposition of another issue or other issues raised by the modification application, does not constitute a final judgment, order, or decree for the purpose of an appeal.*

(Emphasis supplied.) *Huffman*, 236 Neb. at 106, 459 N.W.2d at 220.

In *Gerber*, a bifurcated dissolution case, the trial court dissolved the parties' marriage but reserved all other issues, i.e., child custody and support, until the court had evidence in the form of home studies of each parent's household. The Nebraska Supreme Court noted that the trial court's order disposed of the marriage and property issues, but it did not decide the custody and support issues, resulting in total confusion. Accordingly, the court in *Gerber* held that "there [was] no final order that [could] be appealed from as to *any* of the issues between [the] parties, including the issue of dissolution of the marriage." (Emphasis in original.) 218 Neb. at 231, 353 N.W.2d at 6. The court reasoned that when substantial rights of the parties remained undetermined and the cause was retained for further action, the order was interlocutory and not final.

The earliest case we have found involving this question in a proceeding to modify a divorce decree was *Goldenstein v. Goldenstein*, 110 Neb. 788, 195 N.W. 110 (1923). On December 1, 1920, a divorce decree providing for dissolution, child custody, child support, and alimony had been entered. On February 5, 1921, the respondent filed a petition to vacate and modify the decree. After that petition was amended, the petitioner filed an

answer, and the matter was tried and a decree vacating and modifying the original decree was entered on June 20, 1921. That modification order set aside the previous allowances for alimony and child support and provided that the amount of these allowances was reserved for future consideration and judgment. On September 27, the court entered an order providing a dollar amount for the support of the petitioner and her children. The time to perfect an appeal was different then from what it is now, but otherwise, the same procedures applied. The petitioner sought to appeal from the court's modification of the original decree, and the respondent argued that she was too late to appeal from that order, which had been entered on June 20. The court in *Goldenstein* noted that the time allowed for the petitioner to appeal from the order entered on June 20 had passed, but the time had not yet passed to appeal from the order entered on September 27. *Goldenstein* held that the controlling date was September 27, and in so doing stated:

> [W]e think that the nature of this order itself [the order of June 20] as disclosed by its own terms, indicates that it was not, and could not be, a final order. It expressly reserves the very thing which was the point of contention for the future consideration and judgment of the court. This court held in *Howell v. Howell*, 89 Neb. 243, [131 N.W. 216 (1911),] that such a decree is usually within the control of the court during the term at which it is rendered, and if the court believes it necessary in the interests of justice to open it up and allow further evidence to be taken at the same term, the matter is entirely within its discretion; and in *Huffman v. [Rhodes]*, 72 Neb. 57, [100 N.W. 159 (1904),] that an order is not final when the substantial rights of the parties involved in the action remain undetermined and when the case is retained for further action.

*Goldenstein*, 110 Neb at 791-92, 195 N.W. at 112.

A probate proceeding is also a special proceeding. *In re Estate of Peters*, 259 Neb. 154, 609 N.W.2d 23 (2000). The notion that an order which determines less than all orders submitted to the court in a special proceeding is not final has been applied to probate proceedings:

When multiple issues are presented to a trial court for simultaneous disposition in the same proceeding and the court decides some of the issues, while reserving some issue or issues for later determination, the court's determination of less than all the issues is an interlocutory order and is not a final order for the purpose of an appeal. *Huffman v. Huffman*, 236 Neb. 101, 459 N.W.2d 215 (1990). Generally, appellate jurisdiction is limited to a review of final orders. See *In re Interest of J.M.N.*, 237 Neb. 116, 464 N.W.2d 811 (1991). Since there had been no final order in regard to all the issues submitted to the county court, Ackerman's appeal in case No. S-89-1181 was not properly before the district court and, therefore, is not properly before this court.

*In re Estate of Seidler*, 241 Neb. 402, 407, 490 N.W.2d 453, 457 (1992).

There are practical reasons why an order in a special proceeding which determines less than all of the issues submitted to the court is not final. The primary reason of course is to prevent piecemeal appeals. There can be no doubt that custody and the amount of support for the children of a family are closely related issues. Child support necessarily follows custody. The amount of child support is dependent upon the parents' earnings at the time custody is changed. If circumstances change, the amount of child support may be modified again later. There is no reason why both issues cannot be decided at the same time in an action where both are put in issue. Usually, the child needs to be supported during the time the case is on appeal. There needs to be a provision for support during the time the appeal is pending. The same guidelines apply to set support in a temporary order as in a permanent order. Nebraska Child Support Guidelines, paragraph B. If an order modifying custody is appealable when child support has not been determined, the custodial parent will have to go without receiving help during the appeal or the trial court will have to make a temporary allowance during the pendency of the appeal under Neb. Rev. Stat. § 42-351 (Reissue 1998), but such an award would be determined under the same rules as permanent support. In short, there is no reason not to require a resolution of both custody and support to make the order final.

The situation in this case is different from that of the recent case of *Templeton v. Templeton*, 9 Neb. App. 937, 622 N.W.2d 424 (2001), where the trial court stayed the issues of child support and visitation until the Iowa juvenile court terminated its jurisdiction. In *Templeton*, the trial court recognized that it did not have jurisdiction to make a final order on these subjects.

The appeal must be dismissed because the trial court did not decide all of the issues submitted to the court in the special proceeding.

APPEAL DISMISSED.