KARI LEA JACOBSON, NOW KNOWN AS
KARI LEA JACOBSON KELLEY, APPELLANT, V.
STEVE MARLIN JACOBSON, APPELLEE.
635 N.W.2d 272

Filed November 6, 2001.   No. A-00-1057.

Bradley D. Holbrook, of Jacobsen, Orr, Nelson, Wright & Lindstrom, P.C., for appellant.

Lori L. Phillips, of Nye, Hervert, Jorgensen & Watson, P.C., for appellee.

HANNON, INBODY, and MOORE, Judges.

MOORE, Judge.

## INTRODUCTION

Kari Lea Jacobson Kelley appeals the decision of the district court for Phelps County denying her application to remove the

parties' minor children from Nebraska to Missouri. We dismiss the appeal for lack of jurisdiction because the order appealed from did not determine custody and therefore was not final.

## BACKGROUND

Kari Lea and Steve Marlin Jacobson were divorced pursuant to a decree of dissolution filed in the district court for Phelps County, Nebraska, on August 18, 1998. Two children were born to the couple during the marriage: Alyssa Lianne born December 20, 1988, and Danielle Renae born November 21, 1990. Kari Lea was granted custody of the children, and Steve was granted visitation rights of every other weekend in addition to holiday and summer vacations.

At the time of the divorce decree, both parties were residents of Holdrege, Nebraska. Following the divorce, Kari Lea made a series of frequent moves with the children and her boyfriend (now husband), David Kelley, prompted by David's pursuits of various employment opportunities related to the restaurant industry.

In July 2000, Kari Lea filed a request for permission to remove the children from the state so that she could join David in St. Joseph, Missouri, where he had taken a new position. In response to Kari Lea's request for removal, Steve filed a cross-petition, alleging a material change of circumstances since the entry of the decree by virtue of Kari Lea's frequent moves and unstable employment which negatively affected the children. The prayer of the cross-petition requested a change of custody should Kari Lea be allowed to move the children to Missouri. A hearing was held on August 25 on Kari Lea's request to remove the children from the jurisdiction. The court denied the request at the conclusion of the hearing, finding (1) that Kari Lea did not have a legitimate reason for moving to Missouri, (2) that her marriage was not stable at that point in time, and (3) that the move to Missouri did not have the potential for enhancing the quality of life for the children. At the conclusion of the hearing, the court refrained from ruling on the custody issue and indicated that it was a matter still pending before the court. The court also ordered Steve to immediately enroll the children in the Phelps County School District No. R-7 located in the Holdrege area.

Following the removal hearing, Kari Lea filed a motion for a new trial based on the district court's failure to take into consideration numerous factors in deciding her request for permission to remove the children from Nebraska. The motion was denied, and this appeal was filed.

## ASSIGNMENTS OF ERROR

Kari Lea asserts that the district court erred in overruling her motion to remove the children from Nebraska to Missouri along with her motion for a new trial for the following reasons: (1) She had a legitimate reason for leaving Nebraska and it was in the children's best interests to continue to live with her, (2) the court's finding that her marriage was unstable was contrary to the evidence, and (3) the statements made by one of the children was found controlling when the statements were devoid of any factual basis or sound reasoning. Kari Lea also assigns error to the district court's decision ordering Steve to enroll the children in the Phelps County School District No. R-7.

## STANDARD OF REVIEW

Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. *Scottsdale Ins. Co. v. City of Lincoln*, 260 Neb. 372, 617 N.W.2d 806 (2000); *Paulsen v. Paulsen, ante* p. 269, 634 N.W.2d 12 (2001). For an appellate court to acquire jurisdiction of an appeal, there must be a final order entered by the court from which the appeal is taken; conversely, an appellate court is without jurisdiction to entertain appeals from nonfinal orders. *Id.* When an appellate court is without jurisdiction to act, the appeal must be dismissed. *Id.*

## ANALYSIS

In this case, we are called upon to determine whether the order denying Kari Lea's application to remove the children from Nebraska, while reserving the issue of custody modification in Steve's cross-petition, constitutes a final, appealable order.

The three types of final orders which may be reviewed on appeal under Neb. Rev. Stat. § 25-1902 (Reissue 1995) are (1) an order which affects a substantial right in an action and which determines the action and prevents a judgment, (2) an order

affecting a substantial right made during a special proceeding, and (3) an order affecting a substantial right made on summary application in an action after a judgment is rendered. *Nebraska Nutrients v. Shepherd*, 261 Neb. 723, 626 N.W.2d 472 (2001).

■ The order denying Kari Lea's motion to remove the children from Nebraska clearly does not fall within the first or third categories. Orders which fall into the second category of § 25-1902 must meet two requirements: a substantial right must be affected, and the court's order must be in a special proceeding. *Hernandez v. Blankenship*, 257 Neb. 235, 596 N.W.2d 292 (1999). The Nebraska Supreme Court has construed the phrase "special proceeding" to mean civil statutory remedies not encompassed in chapter 25 of the Nebraska Revised Statutes. *In re Estate of Peters*, 259 Neb. 154, 609 N.W.2d 23 (2000); *State ex rel. Reitz v. Ringer*, 244 Neb. 976, 510 N.W.2d 294 (1994). Requiring a custodial parent to obtain permission of the court to remove children from the state is a remedy which stems from custody determinations under chapter 42 of the Nebraska Revised Statutes, not chapter 25, and is therefore a special proceeding.

■ "A substantial right is an essential legal right, not a mere technical right." *Holste v. Burlington Northern RR. Co.*, 256 Neb. 713, 724, 592 N.W.2d 894, 904 (1999). When an order affects the subject matter of the litigation, by diminishing a claim or defense available to a party, the order affects a substantial right. *In re Estate of Peters, supra; Holste v. Burlington Northern RR. Co., supra.* The denial of a request to remove the parties' minor children from the State of Nebraska does affect a substantial right of the custodial parent; that being the right to determine where to reside with the minor children. The denial of the request to remove the children in this action may also impact Kari Lea's right to custody, which is clearly a substantial right. See *Templeton v. Templeton*, 9 Neb. App. 937, 622 N.W.2d 424 (2001).

Despite the fact that the court's order denying Kari Lea permission to remove the children from the jurisdiction is an order affecting a substantial right made during a special proceeding, our inquiry does not end there. The order at issue did not decide all of the issues pending before the court as the issue of custody, raised in Steve's cross-petition, was scheduled for hearing at a later date. This court recently addressed a similar situation in

*Paulsen v. Paulsen, ante* p. 269, 634 N.W.2d 12 (2001), wherein a custody modification order was entered, but the issue of child support was reserved for determination at a subsequent hearing. We dismissed the appeal as the trial court did not decide all of the issues submitted to the court in the special proceeding, citing *Huffman v. Huffman*, 236 Neb. 101, 459 N.W.2d 215 (1990) (court's resolution of one issue raised by modification application, but retention of other issues does not constitute final order for purpose of appeal), and *Gerber v. Gerber*, 218 Neb. 228, 353 N.W.2d 4 (1984) (trial court's order dissolving marriage and disposing of property issues, but reserving issues of custody and support was interlocutory and not final).

We believe this case is also governed by Neb. Rev. Stat. § 25-1315(1) (Cum. Supp. 2000), which provides as follows:

When more than one claim for relief is presented in an action, whether as a claim, counterclaim, *cross-claim*, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

(Emphasis supplied.)

In the instant action, while the court decided the only issue raised by Kari Lea in her application for permission to remove the children from the jurisdiction, it did not address the issue of custody raised in Steve's cross-petition. Further, the court did not make the express determination and direction for entry of a final judgment as required by § 25-1315(1).

For the foregoing reasons, the order entered by the district court denying Kari Lea's application was not a final, appealable order, and this court is without jurisdiction to hear the appeal.

## CONCLUSION

Because the trial court did not decide all of the issues submitted to it in the special proceeding, the order was not a final order. Accordingly, this court does not have jurisdiction to hear the appeal.

APPEAL DISMISSED.