GEORGE B. SCHEPERS, APPELLANT, V. JOYCE SCHEPERS, NOW KNOWN AS JOYCE SHERMAN, APPELLEE.

461 N.W.2d 413

Filed October 19, 1990. No. 89-1152.

Philip M. Martin, Jr., of Paine, Huston, Higgins & Martin, for appellant.

No appearance for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

FAHRNBRUCH, J.

George B. Schepers appeals an order of the district court for Merrick County changing the custody of the parties' minor child from him to the child's mother. We dismiss the appeal because it was filed prematurely.

George Schepers and Joyce Schepers, now known as Joyce Sherman, were married in Hall County, Nebraska, in January 1982. To this union, Jennifer Lee Schepers was born on September 20, 1982. On October 23, 1985, George filed a petition for dissolution of the marriage of the parties and

sought custody of Jennifer. After trial on June 12, 1986, the district court for Merrick County entered a decree dissolving the parties' marriage and awarding the permanent custody of Jennifer to George. Joyce was granted liberal visitation rights with Jennifer.

On July 18, 1989, Joyce filed an application in the district court for Merrick County to modify the dissolution decree in two respects. First, Joyce sought to have Jennifer's custody transferred from George to her. Second, Joyce asked the court to require George to pay child support for Jennifer in a reasonable amount.

A hearing on Joyce's application for modification was held on August 7, 1989. On August 11, 1989, the court entered an order changing Jennifer's custody from George to Joyce. At the August 7 hearing, no evidence was adduced on Joyce's request for child support. The court, in its August 11 order, scheduled a hearing for September 18 to receive evidence concerning the child support issue. On September 7, George filed a notice of appeal in regard to the trial court's August 11 order. We find that George's appeal of the August 11 order was premature. When an application is filed to modify a decree in a marital dissolution action, and the modification application pertains to more than one issue involving children affected by the dissolution decree, a court's resolution of one issue raised by the modification application, but retention or reservation of jurisdiction for disposition of another issue or other issues raised by the modification application, does not constitute a final judgment, order, or decree for the purpose of an appeal. *Huffman v. Huffman, ante* p. 101, 459 N.W.2d 215 (1990).

Joyce's application to modify the marriage dissolution decree raised two issues, child custody and child support. The trial court determined the issue of child custody and set a later hearing date to decide the amount of child support. The order changing child custody was not a final order for purposes of an appeal. This court accordingly lacks jurisdiction to review the district court's action in changing the custody of Jennifer.

APPEAL DISMISSED.