Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
05/11/2018 09:10 AM CDT

Jayson H. Tilson, appellant, v. Erica M. Tilson,
appellee, and Kimberly L. Hill,
Intervenor-appellee.

___ N.W.2d ___

Filed February 16, 2018.    No. S-17-468.

1. **Jurisdiction: Appeal and Error.** When a jurisdictional question does not involve a factual dispute, its determination is a matter of law, which requires an appellate court to reach a conclusion independent of the decision made by the lower court.

2. ____: ____. Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it.

3. **Jurisdiction: Final Orders: Time: Appeal and Error.** To vest an appellate court with jurisdiction, the notice of appeal must be filed within 30 days of the entry of the final order.

4. **Final Orders: Appeal and Error.** Under Neb. Rev. Stat. § 25-1902 (Reissue 2016), the three types of final orders which may be reviewed on appeal are (1) an order affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment; (2) an order affecting a substantial right made in a special proceeding; and (3) an order made upon a summary application in an action after judgment.

5. **Actions: Modification of Decree.** Proceedings regarding modification of a marital dissolution are special proceedings.

6. **Actions: Divorce.** An application to modify the terms of a divorce decree is not the commencement of an action. It constitutes a continuation of the suit for dissolution of marriage.

7. **Final Orders: Appeal and Error.** An order affects a substantial right when the right would be significantly undermined or irrevocably lost by postponing appellate review.

8. **Divorce: Jurisdiction: Final Orders: Appeal and Error.** Generally, when multiple issues are presented to the district court for simultaneous disposition in the same separate yet connected proceeding within

the court's continuing jurisdiction over a dissolution decree, the court's determination of fewer than all the issues presented is not a final order for the purpose of an appeal.

9. **Final Orders.** An order merely preserving the status quo pending a further order is not final.

Appeal from the District Court for Lancaster County: Robert R. Otte, Judge. Appeal dismissed.

Matt Catlett, of Law Office of Matt Catlett, for appellant.

David P. Kyker for appellee Kimberly L. Hill.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Kelch, and Funke, JJ.

Miller-Lerman, J.

## I. NATURE OF CASE

In this appeal, Jayson H. Tilson addresses the March 31, 2017, denial of that portion of his "complaint" and associated motion asking the district court for Lancaster County to declare void a dissolution decree that it had issued more than a year before. He argues that the decree is void because prior to the entry of the decree, he had filed a motion to dismiss the petition for dissolution, which he asserts was self-executing under Neb. Rev. Stat. § 25-602 (Reissue 2016). But Jayson's notice of appeal is from an order issued on April 4, denying his requests for various temporary orders and retaining for decision Jayson's application to modify the custody provisions of the decree. We conclude that the April 4 order was not final. Therefore, we dismiss this appeal for lack of jurisdiction.

## II. BACKGROUND

### 1. Dissolution

In September 2014, Jayson filed a complaint for dissolution of his marriage to Erica M. Tilson. The record does not reflect that Erica filed an answer, but she made a general appearance before the court. Following a hearing, the court issued

a temporary order awarding custody of the parties' minor children to Erica's mother, Kimberly L. Hill (Kimberly). The court granted Jayson and Erica supervised parenting time and ordered them both to pay Kimberly temporary child support.

The court allowed Kimberly to intervene and appointed a guardian ad litem for the minor children. Kimberly and her husband filed a complaint, asking for grandparent visitation and custody of the children. There is no certificate of service attached to the complaint.

Subsequently, on November 16, 2015, at 9 p.m., Jayson filed a motion to dismiss his complaint for dissolution. The next morning, on November 17, Kimberly filed a praecipe asking the court to issue summons and deliver to Jayson a copy of the complaint for grandparent visitation, at the hearing scheduled at 10 a.m., on November 17. The record contains two "Process Service Returns" from the sheriff's office of a "Copy of COMPLAINT," with the service and return charges paid by Kimberly's counsel. The documents reflect that Jayson and Erica were personally served copies of the complaint on November 17.

The hearing was held as scheduled on November 17, 2015, with Jayson in attendance. Referring to the November 17 hearing, the court's order states "[u]pon motion of [Jayson's] attorney . . . the Plaintiff's motion to dismiss is withdrawn."

The court issued a consent decree of dissolution on December 8, 2015. The decree ordered the continuation of the children's legal and physical custody with Kimberly, with set parenting time for Jayson and Erica. Jayson was ordered to pay $200 per month "toward work-related childcare expenses," in the event they were not subsidized. Erica was ordered to pay to Kimberly $100 in monthly child support.

## 2. Contempt

Approximately 10 months later, on October 18, 2016, the court found Jayson in contempt for failing to comply with his obligation under the decree to contribute to the children's childcare expenses.

### 3. DECLARATORY RELIEF,
### MODIFICATION, AND HABEAS

#### (a) The "Complaint"

On February 24, 2017, Jayson filed a "Complaint to Vacate or Modify, for Declaratory Judgment, and/or for Writ of Habeas Corpus." The "complaint" was filed under the same case number as the dissolution decree, and in the same court.

Jayson asserted that the dissolution decree was void by virtue of his November 16, 2015, motion to dismiss. Based on this assertion, he sought an order of the court declaring the dissolution decree and "all orders flowing therefrom" null and void.

Under the rubric of habeas corpus relief, Jayson alleged that the award of temporary custody of the children with Kimberly was unlawful, because it violated the parental preference principle. He asked for a writ of habeas corpus placing the custody of the children with him.

Alternatively to an order declaring the dissolution void, Jayson sought an order modifying the decree so as to place the children in his custody. Jayson alleged a change in circumstances. In particular, he alleged that Kimberly was neglecting the children and that Erica was in jail awaiting criminal charges.

Kimberly filed an answer generally denying the allegations and asking that the matter be dismissed. No ruling on the motion to dismiss is found in the record.

#### (b) Motion for Declaratory Relief
#### and Temporary Orders

On March 10, 2017, Jayson filed a "Motion for Declaratory Relief or Temporary Suspension of Implementation and Enforcement of Decree, Temporary Custody, Temporary Child Support, Temporary Restraining Orders." The district court referred to this motion as "Filing 14."

Specifically, Jayson moved for a declaration that the decree of dissolution and all orders flowing therefrom are void and of no effect. In support of this relief, Jayson repeated his

assertion that his motion to dismiss the complaint for dissolution was self-executing and therefore deprived the court of jurisdiction to issue the dissolution decree.

"[I]n lieu" of such declaratory relief, Jayson moved for orders (1) temporarily suspending enforcement of the decree as it relates to the care, custody, control, and support of the minor children; (2) temporarily awarding Jayson exclusive custody of the children; (3) temporarily prohibiting Erica from having parenting time; (4) temporarily prohibiting Erica from having access to medical and education records; (5) temporarily prohibiting Kimberly from having visitation with the children; (6) temporarily prohibiting Kimberly from having access to the children's medical or education records; and (7) temporarily requiring Erica to pay Jayson child support and share in medical and childcare expenses.

In support of this "temporary" relief, Jayson alleged that the parental preference principle prohibited the award of custody of the children to Kimberly when he had not been found to be unfit. He further alleged that Erica was unfit to have custody and that it was contrary to the children's best interests for Kimberly to have visitation.

### (c) March 31, 2017, Order

On March 31, 2017, the court overruled that part of Jayson's "Filing 14" requesting that the court declare the dissolution decree void. The court's order, signed and file stamped on March 31, incorporates its docket entry, stating that "[t]he part of the motion requesting declaratory relief (vacating the Decree of Dec[.] 8, 2015) is overruled." Also on March 31, the court denied Jayson's requests for full temporary custody and suspension of child support while the case was pending.

The "custody case" was set for a trial to be held on August 21, 2017.

### (d) April 4, 2017, Order

On April 4, 2017, the court issued another order. The April 4 order states that "[t]his proceeding came before the

court for consideration of *pending* matters." (Emphasis supplied.) And "[u]pon consideration of the issue(s) presented, the court made the docket entry . . ." as follows: "At Filing 14 is [Jayson's] Motion for Declaratory Relief Or Temporary Suspension Of Implementation And Enforcement Of Decree, Temporary Custody, Temporary Child Support, Temporary Restraining Orders. The motion was argued and submitted on 3/31/17. The Motion is overruled. See Order re Docket Entry in file."

### (e) Notice of Appeal

On May 3, 2017, Jayson filed a notice of appeal, stating that he was appealing the April 4 order. That is the appeal currently before us.

### 4. ORDERS SUBSEQUENT TO
### NOTICE OF APPEAL

The proceedings continued after the May 3, 2017, notice of appeal was filed. Kimberly filed an amended answer to Jayson's "complaint," setting forth a cross-complaint for a reduction in Jayson's parenting time, for his visitation to be supervised, and for an award of child support. On May 30, the court issued an order denying a motion by Jayson to continue trial and to prohibit Kimberly from serving subpoenas upon the Nebraska Department of Health and Human Services and "Educare of Lincoln." The court also granted Kimberly's request for a protective order.

After a hearing, on June 20, 2017, the court sustained Kimberly's motion to modify parenting time to a "5/2 schedule" "for this temporary order." But the court explained that to "encourage civil collaboration," Kimberly's attorney was to confer with Jayson's attorney and the guardian ad litem. "After doing so, [Kimberly's attorney] shall submit a proposed order as to temporary custody." The court overruled motions by Jayson for sanctions and attorney fees and to reconsider the court's appointment of the guardian ad litem.

On June 28, 2017, the court issued an order sustaining Kimberly's motion for modification of parenting time. That is the last order in the record.

## III. ASSIGNMENT OF ERROR

Jayson claims that the district court erred when it denied his "February 24, 2017, motion" to declare the dissolution decree void.

## IV. STANDARD OF REVIEW

[1] When a jurisdictional question does not involve a factual dispute, its determination is a matter of law, which requires an appellate court to reach a conclusion independent of the decision made by the lower court.[1]

## V. ANALYSIS

[2,3] Before reaching the legal issues presented for review, it is our duty to determine whether we have jurisdiction over this appeal.[2] In this case, it is necessary for us to determine whether the April 4, 2017, order, from which Jayson appeals, is final.[3] To vest an appellate court with jurisdiction, the notice of appeal must be filed within 30 days of the entry of the final order.[4] In contrast, if an order is interlocutory, immediate appeal from the order is disallowed so that courts may avoid piecemeal review, chaos in trial procedure, and a succession of appeals granted in the same case to secure advisory opinions to govern further actions of the trial court.[5]

[4] The three types of final orders which may be reviewed on appeal are (1) an order affecting a substantial right in an action, when such order in effect determines the action and

---

[1] *Anderson v. Finkle*, 296 Neb. 797, 896 N.W.2d 606 (2017).

[2] See, e.g., *Rafert v. Meyer*, 298 Neb. 461, 905 N.W.2d 30 (2017).

[3] See Neb. Rev. Stat. §§ 25-1911 and 25-1912 (Reissue 2016).

[4] *State v. Jacques*, 253 Neb. 247, 570 N.W.2d 331 (1997). See, also, Neb. Rev. Stat. § 25-1931 (Reissue 2016).

[5] *State v. Jacques, supra* note 4.

prevents a judgment; (2) an order affecting a substantial right made in a special proceeding; and (3) an order made upon a summary application in an action after judgment.[6]

[5,6] Proceedings regarding modification of a marital dissolution are special proceedings.[7] Jayson's filings with the same district court that issued the dissolution decree, under the same case number, must be construed as motions asking the court for relief pursuant to its continuing jurisdiction over the decree, as set forth by the modification statutes.[8] An application to modify the terms of a divorce decree is not the commencement of an action.[9] It constitutes a continuation of the suit for dissolution of marriage.[10]

The jurisdictional question presented is whether the April 4, 2017, order from which this appeal is taken affected a substantial right. A substantial right is an essential legal right, not a mere technical right.[11] It is a right of substance.[12] It is not enough that the right itself be substantial; the effect of the order on that right must also be substantial.[13] The duration of the order is therefore relevant to whether it affects a substantial right.[14]

[7,8] Most fundamentally, an order affects a substantial right when the right would be significantly undermined or irrevocably lost by postponing appellate review.[15] Generally,

---

[6] See Neb. Rev. Stat. § 25-1902 (Reissue 2016).

[7] See *Steven S. v. Mary S.*, 277 Neb. 124, 760 N.W.2d 28 (2009).

[8] See Neb. Rev. Stat. §§ 42-364(6) and 42-365 (Reissue 2016).

[9] *Ruehle v. Ruehle*, 161 Neb. 691, 74 N.W.2d 689 (1956).

[10] See, *Smith-Helstrom v. Yonker*, 253 Neb. 189, 569 N.W.2d 243 (1997); *Nimmer v. Nimmer*, 203 Neb. 503, 279 N.W.2d 156 (1979).

[11] *In re Adoption of Madysen S. et al.*, 293 Neb. 646, 879 N.W.2d 34 (2016).

[12] *Id.*

[13] *Id.*

[14] See *id.*

[15] See *id.*

when multiple issues are presented to the district court for simultaneous disposition in the same "separate yet connected proceeding[]"[16] within the court's continuing jurisdiction over a dissolution decree, the court's determination of fewer than all the issues presented is not a final order for the purpose of an appeal.[17] This is because, absent unusual circumstances, postponing appellate review until all the issues presented under the application to modify have been decided will not significantly undermine the rights affected by the order.

*Huffman v. Huffman*[18] illustrates the foregoing principles. In *Huffman*, we concluded that an order denying the father's request for a change of custody was not final when the court had not yet decided the father's alternative request to modify the visitation provisions of the decree. We said that when the modification application pertains to more than one issue involving children affected by the dissolution decree, a court's resolution of one issue raised by the application, but retention or reservation of jurisdiction for disposition of another issue or issues raised by the application does not constitute a final judgment, order, or decree for the purpose of an appeal.[19]

In *Schepers v. Schepers*,[20] we likewise held that an order determining the merits of an application to modify custody was not final when the issue of child support was still pending.

---

[16] John P. Lenich, *What's So Special About Special Proceedings? Making Sense of Nebraska's Final Order Statute*, 80 Neb. L. Rev. 239, 289 n.227 (2001).

[17] See, *Wagner v. Wagner*, 275 Neb. 693, 749 N.W.2d 137 (2008); *Schepers v. Schepers*, 236 Neb. 406, 461 N.W.2d 413 (1990); *Huffman v. Huffman*, 236 Neb. 101, 459 N.W.2d 215 (1990); *Gerber v. Gerber*, 218 Neb. 228, 353 N.W.2d 4 (1984); *Goldenstein v. Goldenstein*, 110 Neb. 788, 195 N.W. 110 (1923); *McCaul v. McCaul*, 17 Neb. App. 801, 771 N.W.2d 222 (2009); *Paulsen v. Paulsen*, 10 Neb. App. 269, 634 N.W.2d 12 (2001).

[18] *Huffman v. Huffman, supra* note 17.

[19] See *id.*

[20] *Schepers v. Schepers, supra* note 17.

The Nebraska Court of Appeals, in *Paulsen v. Paulsen*,[21] found that a similar order was not final, explaining:

> There are practical reasons why an order in a special proceeding which determines less than all of the issues submitted to the court is not final. The primary reason of course is to prevent piecemeal appeals. There can be no doubt that custody and the amount of support for the children of a family are closely related issues. . . . There is no reason why both issues cannot be decided at the same time in an action where both are put [at] issue. . . . In short, there is no reason not to require a resolution of both custody and support to make the order final.

In *Johnson v. Johnson*,[22] the Court of Appeals clarified that it does not matter if the issue or issues yet undecided were explicitly requested in the application to modify the decree, when the issue or issues were "an inherent part of a custody modification action."

Without commenting on the extent to which Jayson's requests properly fell under the district court's continuing jurisdiction, in his February 24, 2017, "Complaint to Vacate or Modify, for Declaratory Judgment, and/or for Writ of Habeas Corpus," Jayson presented several issues in the proceedings. He asked the court to declare the dissolution decree void and to vacate it. He asked the court to issue a writ of habeas corpus placing the children in his custody. Alternatively to vacating the decree or issuing a writ of habeas corpus, Jayson asked the court to modify the dissolution decree to place the children in his custody, due to an alleged change in circumstances. Finally, Jayson moved for several temporary orders, apparently pending the court's determination of his underlying requests for relief.

In its order on April 4, 2017, from which this appeal is taken, the court stated that it was overruling "pending matters"

---

[21] *Paulsen v. Paulsen, supra* note 17, 10 Neb. App. at 275, 634 N.W.2d at 17.

[22] *Johnson v. Johnson*, 15 Neb. App. 292, 296, 726 N.W.2d 194, 197 (2006).

under "Filing 14." As noted above, "Filing 14" asked for a declaration that the dissolution decree was void and, in the alternative, for several temporary orders. "Filing 14" did not ask for a writ of habeas corpus or for modification of the decree due to a change of circumstances.

Because in the court's order issued on March 31, 2017, it had overruled Jayson's request to declare the dissolution decree void, the April 4 order's overruling of the pending matters in "Filing 14" necessarily refers to Jayson's requests for temporary relief. Specifically, the April 4 order denied Jayson's requests for (1) temporary suspension of the decree as it relates to the care, custody, control, and support of the minor children; (2) a temporary award to Jayson of exclusive custody of the children; (3) a temporary denial of any parenting time for Erica and prohibiting Erica from having access to medical and education records; (4) a temporary cessation of grandparent visitation; and (5) a temporary award of child support.

At the time of the April 4, 2017, order, the court had not yet addressed Jayson's request for a writ of habeas. Likewise, the court had not considered the merits of Jayson's alternative request for modification of the decree to place the children permanently in his custody. On the contrary, it is clear that at the time of the April 4 order, the court had retained the "custody case" for trial. Thus, the court's April 4 order determined fewer than all the issues submitted and it retained jurisdiction for disposition of another issue raised by the application.

[9] Furthermore, the April 4, 2017, order pertained only to requests for temporary relief. In several cases, we have held that under the facts presented, orders temporarily affecting a parent's custodial, visitation, or educational rights are not final.[23] Despite the importance of the rights affected, such orders of limited duration failed to have a substantial effect

---

[23] See, *In re Interest of Danaisha W. et al.*, 287 Neb. 27, 840 N.W.2d 533 (2013); *Gerber v. Gerber, supra* note 17; *In re Interest of Angeleah M. & Ava M.*, 23 Neb. App. 324, 871 N.W.2d 49 (2015); *In re Interest of Nathaniel P.*, 22 Neb. App. 46, 846 N.W.2d 681 (2014).

on those rights. And here, by denying Jayson's motion for temporary relief, the April 4 order essentially left unchanged the status quo of the dissolution decree. We have said in other contexts that an order merely preserving the status quo pending a further order is not final.[24]

In his discussion of our jurisdiction in this case, Jayson relies on case law wherein we have held that an order denying a motion to vacate is a final order.[25] We find Jayson's reliance on this proposition unavailing, because the order before us is not the March 31, 2017, order denying that "part of the motion requesting declaratory relief (vacating the Decree of Dec[.] 8, 2015)," but, rather, the April 4 order. Furthermore, if the March 31 order is a final order, then Jayson failed to perfect an appeal from that order within 30 days as required by § 25-1931. If the March 31 order is not a final order, then it is appealable once the court has determined all the issues pending under these current modification proceedings. Either way, the finality of the March 31 order does not control the jurisdictional question in this appeal; that is, whether the April 4 order is final.

We conclude that the April 4, 2017, ruling was not a final order, because it did nothing more than deny requests for temporary relief, preserving the status quo pending the court's determination of the other issues raised in the proceedings. Accordingly, we have no jurisdiction over this appeal.

## VI. CONCLUSION

For the foregoing reasons, we dismiss the appeal.

APPEAL DISMISSED.

WRIGHT, J., not participating.

---

[24] See *Shasta Linen Supply v. Applied Underwriters*, 290 Neb. 640, 861 N.W.2d 425 (2015).

[25] See, *Capitol Construction v. Skinner*, 279 Neb. 419, 778 N.W.2d 721 (2010); *State v. Hausmann*, 277 Neb. 819, 765 N.W.2d 219 (2009).