Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
05/01/2018 09:10 AM CDT

- 835 -

Nebraska Court of Appeals Advance Sheets
25 Nebraska Appellate Reports
BARRIOS v. COMMISSIONER OF LABOR
Cite as 25 Neb. App. 835

Walter A. Barrios, appellee, v. Commissioner of Labor
of the Nebraska Department of Labor, appellant,
and Custom Rental Services, Inc., appellee.

___ N.W.2d ___

Filed April 24, 2018.    No. A-17-635.

1.  **Administrative Law: Judgments: Appeal and Error.** A judgment or
    final order rendered by a district court in a judicial review pursuant to
    the Administrative Procedure Act may be reversed, vacated, or modified
    by an appellate court for errors appearing on the record.
2.  ____: ____: ____. When reviewing an order of a district court under
    the Administrative Procedure Act for errors appearing on the record, the
    inquiry is whether the decision conforms to the law, is supported by com-
    petent evidence, and is neither arbitrary, capricious, nor unreasonable.
3.  **Judgments: Appeal and Error.** Whether a decision conforms to law
    is by definition a question of law, in connection with which an appel-
    late court reaches a conclusion independent of that reached by the
    lower court.
4.  **Jurisdiction: Appeal and Error.** Before reaching the legal issues
    presented for review, it is the duty of an appellate court to determine
    whether it has jurisdiction over the matter before it.
5.  **Jurisdiction: Final Orders: Appeal and Error.** For an appellate
    court to acquire jurisdiction of an appeal, there must be a final order
    entered by the court from which the appeal is taken; conversely, an
    appellate court is without jurisdiction to entertain appeals from non-
    final orders.
6.  **Final Orders: Appeal and Error.** If an order is interlocutory, imme-
    diate appeal from the order is disallowed so that courts may avoid
    piecemeal review, chaos in trial procedure, and a succession of appeals
    granted in the same case to secure advisory opinions to govern further
    actions of the trial court.
7.  **Administrative Law: Appeal and Error.** Under the Administrative
    Procedure Act, the district court sits as an intermediate appellate court.

- 836 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
25 NEBRASKA APPELLATE REPORTS
BARRIOS v. COMMISSIONER OF LABOR
Cite as 25 Neb. App. 835

8. **Courts: Final Orders: Appeal and Error.** When a district court, sitting as an intermediate appellate court, enters an order that affects a substantial right, that order is final for purposes of appeal if its judgment can be executed without any further action by the district court.

9. \_\_\_\_: \_\_\_\_: \_\_\_\_. Where the district court, sitting as an intermediate appellate court, reverses a judgment in favor of a party, and remands the matter for further proceedings, that party's substantial right has been affected.

10. **Estoppel: Words and Phrases.** Equitable estoppel is a bar which precludes a party from denying or asserting anything to the contrary of those matters established as the truth by his or her own deeds, acts, or representations.

11. **Equity: Estoppel.** The doctrine of equitable estoppel applies where, as a result of conduct of a party upon which another person has in good faith relied to his or her detriment, the acting party is absolutely precluded, both at law and in equity, from asserting rights which might have otherwise existed.

12. **Estoppel.** The elements of equitable estoppel are, as to the party estopped: (1) conduct which amounts to a false representation or concealment of material facts, or at least which is calculated to convey the impression that the facts are otherwise than, and inconsistent with, those which the party subsequently attempts to assert; (2) the intention, or at least the expectation, that such conduct shall be acted upon by, or influence, the other party or other persons; and (3) knowledge, actual or constructive, of the real facts.

13. \_\_\_\_. The elements of equitable estoppel are, as to the party claiming estoppel: (1) lack of knowledge and of the means of knowledge of the truth as to the facts in question; (2) reliance, in good faith, upon the conduct or statements of the party to be estopped; and (3) action or inaction based thereon of such a character as to change the position or status of the party claiming the estoppel, to his or her injury, detriment, or prejudice.

14. **Administrative Law: Courts: Appeal and Error.** Under the Administrative Procedure Act, the district court has the discretion to remand a matter for resolution of issues that were not raised before the agency if the court determines that the interest of justice would be served by the resolution of any other issue not raised before the agency.

15. **Rules of the Supreme Court: Administrative Law: Corporations: Attorneys at Law.** Under the Nebraska Supreme Court rules, a corporate officer who is not a lawyer is not prohibited from representing the corporation at an agency hearing under certain conditions.

- 837 -

Nebraska Court of Appeals Advance Sheets
25 Nebraska Appellate Reports
BARRIOS v. COMMISSIONER OF LABOR
Cite as 25 Neb. App. 835

Appeal from the District Court for Hall County: Mark J. Young, Judge. Affirmed in part as modified, and in part reversed.

Katie S. Thurber, Thomas A. Ukinski, and Dale M. Shotkoski for appellant.

Thomas A. Wagoner for appellee Walter A. Barrios.

Riedmann and Bishop, Judges, and Inbody, Judge, Retired.

Riedmann, Judge.

## INTRODUCTION

The Commissioner of Labor of the Nebraska Department of Labor (the Department) appeals the order of the district court for Hall County which remanded the matter to the Nebraska Appeal Tribunal for consideration of issues not previously raised. As explained below, we affirm in part as modified and in part reverse.

## BACKGROUND

Walter A. Barrios was employed with Rogue Manufacturing Company (Rogue Manufacturing) for several years before he was laid off on October 8, 2015. He began working for Custom Rental Services, Inc. (Custom Rental), on October 12, but resigned on October 13. Barrios then applied for unemployment benefits through the Department.

Barrios' application was initially granted, and he received benefits. After the Department completed its investigation, however, an adjudicator for the Department concluded in a notice of determination dated May 27, 2016, that because Barrios had voluntarily left his employment with Custom Rental without good cause, he was disqualified from receiving benefits under Neb. Rev. Stat. § 48-628 (Reissue 2010) for the week his employment ended and the 13 weeks immediately following. This disqualification resulted in an overpayment to Barrios of $3,552, which he was liable to repay.

- 838 -

Nebraska Court of Appeals Advance Sheets
25 Nebraska Appellate Reports
BARRIOS v. COMMISSIONER OF LABOR
Cite as 25 Neb. App. 835

Barrios appealed the decision to the appeal tribunal. The appeal tribunal held a hearing, at which the sole issue was whether Barrios voluntarily left his employment with Custom Rental without good cause under § 48-628. Barrios testified that during his job interview with Custom Rental, he was told that he would be delivering tables and chairs to different locations. However, the only work he was asked to perform on October 12 and 13, 2015, was washing the outside of a building. He explained that he decided to quit because "the job I got was not the one that I was told I would do." After Barrios left his employment with Custom Rental, he called the unemployment office. He testified that after he reported he "only had worked for [Custom Rental] for three days," an employee stated, "'Oh, no problem. I congratulate you.'"

The president of Custom Rental testified that during the days that Barrios worked, there were no deliveries that needed to be made. The president said that when that happens, the employees typically work on maintaining equipment or work on the facilities.

In a written order, the appeal tribunal concluded that Barrios failed to prove that he terminated his employment with Custom Rental for good cause. Therefore, he was subject to the 13-week disqualification period, and any benefits he received to which he was not entitled must be repaid. The Department's determination was therefore affirmed. Barrios moved for reconsideration of the appeal tribunal's decision, but the request was denied.

Barrios appealed the decision of the appeal tribunal to the district court for Hall County. In his amended petition, he alleged that the appeal tribunal erred in ordering that the benefits he received be repaid because he was eligible for benefits as a result of his employment at Rogue Manufacturing. In addition, Barrios claimed that the Department should be estopped from recouping the benefits paid to him because he detrimentally relied upon the representation of the Department's employee that he was eligible for unemployment benefits.

- 839 -

Nebraska Court of Appeals Advance Sheets
25 Nebraska Appellate Reports
BARRIOS v. COMMISSIONER OF LABOR
Cite as 25 Neb. App. 835

After holding a hearing and reviewing the evidence, the district court reversed the decision and remanded the matter to the appeal tribunal "in the interests of justice to resolve issues not raised before the agency." Specifically, the court concluded that the matter should be remanded for consideration of whether the Department is estopped from seeking reimbursement of the benefits paid to Barrios when its employees initially awarded the benefits after knowing a voluntary withdrawal had occurred. The district court further remanded the matter for a determination of whether Barrios was entitled to unemployment benefits as a result of his employment with Rogue Manufacturing. Finally, the court found that plain error had occurred when the president of Custom Rental was allowed to participate in the hearing before the appeal tribunal and cross-examine witnesses. The district court concluded that unless the president was an attorney, he was prohibited from representing the corporation at the hearing. The Department timely appeals to this court.

## ASSIGNMENTS OF ERROR

The Department assigns, summarized, that the district court erred in (1) remanding the matter for a determination of whether the Department is equitably estopped from seeking reimbursement of benefits paid to Barrios, (2) remanding the matter for a determination of whether Barrios is entitled to unemployment benefits from Rogue Manufacturing, and (3) finding plain error in the representation of Custom Rental by its president.

## STANDARD OF REVIEW

[1-3] A judgment or final order rendered by a district court in a judicial review pursuant to the Administrative Procedure Act (APA) may be reversed, vacated, or modified by an appellate court for errors appearing on the record. *Underwood v. Nebraska State Patrol*, 287 Neb. 204, 842 N.W.2d 57 (2014). When reviewing an order of a district court under the APA for errors appearing on the record, the inquiry is whether

the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Id*. Whether a decision conforms to law is by definition a question of law, in connection with which an appellate court reaches a conclusion independent of that reached by the lower court. *Id*.

## ANALYSIS

*Jurisdiction.*

[4-6] Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. *Boyd v. Cook*, 298 Neb. 819, 906 N.W.2d 31 (2018). For an appellate court to acquire jurisdiction of an appeal, there must be a final order entered by the court from which the appeal is taken; conversely, an appellate court is without jurisdiction to entertain appeals from nonfinal orders. *Pennfield Oil Co. v. Winstrom*, 267 Neb. 288, 673 N.W.2d 558 (2004). If an order is interlocutory, immediate appeal from the order is disallowed so that courts may avoid piecemeal review, chaos in trial procedure, and a succession of appeals granted in the same case to secure advisory opinions to govern further actions of the trial court. *Tilson v. Tilson*, 299 Neb. 64, 907 N.W.2d 31 (2018).

Barrios claims we do not have jurisdiction, because the district court's order is not final insomuch as it remanded the matter for further proceedings. Neb. Rev. Stat. § 84-917(5)(b)(ii) (Reissue 2014) sets forth the procedure under the APA in situations in which the district court remands the matter to the agency for further proceedings. It states:

The agency shall affirm, modify, or reverse its findings and decision in the case by reason of the additional proceedings and shall file the decision following remand with the reviewing court. The agency shall serve a copy of the decision following remand upon all parties to the district court proceedings. The agency decision following remand shall become final unless a petition for further

- 841 -

Nebraska Court of Appeals Advance Sheets
25 Nebraska Appellate Reports
BARRIOS v. COMMISSIONER OF LABOR
Cite as 25 Neb. App. 835

review is filed with the reviewing court within thirty days after the decision following remand being filed with the district court. The party filing the petition for further review shall serve a copy of the petition for further review upon all parties to the district court proceeding in accordance with the rules of pleading in civil actions promulgated by the Supreme Court pursuant to section 25-801.01 within thirty days after the petition for further review is filed. Within thirty days after service of the petition for further review or within such further time as the court for good cause shown may allow, the agency shall prepare and transmit to the court a certified copy of the official record of the additional proceedings had before the agency following remand.

§ 84-917(5)(b)(ii). The above procedure was added to the APA in 2006 when the Legislature passed 2006 Neb. Laws, L.B. 1115. As passed, L.B. 1115 incorporated 2006 Neb. Laws, L.B. 1136, the purpose of which was to eliminate the need for a new action being filed in the district court if a party sought review of an agency decision following additional proceedings on remand. See Judiciary Committee Hearing, L.B. 1136, 99th Leg., 2d Sess. 18 (Feb. 2, 2006). See, also, *Concordia Teachers College v. Neb. Dept. of Labor*, 252 Neb. 504, 563 N.W.2d 345 (1997) (dismissing appeal under APA for lack of jurisdiction for failure to serve summons within 30 days of filing petition for review following decision on remand).

[7-9] Under the APA, the district court sits as an intermediate appellate court. § 84-917(2) and Neb. Rev. Stat. § 84-918(1) (Reissue 2014). The Nebraska Supreme Court has held that when a district court, sitting as an intermediate appellate court, enters an order that affects a substantial right, that order is final for purposes of appeal if its judgment can be executed without any further action by the district court. *Rohde v. Farmers Alliance Mut. Ins. Co.*, 244 Neb. 863, 509 N.W.2d 618 (1994). Where the district court reverses a judgment in

- 842 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
25 NEBRASKA APPELLATE REPORTS
BARRIOS v. COMMISSIONER OF LABOR
Cite as 25 Neb. App. 835

favor of a party, and remands the matter for further proceedings, that party's substantial right has been affected. *Id*.

In *Rohde v. Farmers Alliance Mut. Ins. Co., supra*, the county court directed a verdict in favor of the defendant. The plaintiffs appealed to the district court, which reversed the judgment and remanded the case to the county court for trial on the merits. *Id*. The defendant appealed to the Court of Appeals, which dismissed for lack of jurisdiction. *Id*. On a petition for further review, the Nebraska Supreme Court overruled prior precedent to the extent that it held an order of a district court reversing a final order of the trial court and remanding the case for a trial on the merits is never a final order. See *id*. The court explained that the determining factor was whether the district court retained the cause for further action; if it did not, the district court's order remanding the case for further proceedings was a final order. See *id.*

In the present case, the district court reversed a decision that had been entered in favor of the Department, thereby affecting a substantial right of the Department. Pursuant to § 84-917(5)(b)(i), the district court remanded the matter for further proceedings to address an issue that had not been raised in the agency proceeding. Section 84-917(5)(b)(ii) requires the agency to file its new decision with the district court, but unless a party files a petition for further review with the district court, the agency's decision becomes final without any further action of the district court. Prior to the amendment of § 84-917(5) in 2006, the Nebraska Supreme Court had held that remanding a case to an agency for further proceedings did not empower the district court to retain jurisdiction over the action. *Concordia Teachers College v. Neb. Dept. of Labor, supra*.

The Nebraska Supreme Court has not squarely addressed this issue since the enactment of § 84-917(5)(b)(ii), and an argument can be made that the additional provisions preclude a final judgment until such time as the new decision is filed with the district court. However, we are mindful that in *Kerford Limestone Co. v. Nebraska Dept. of Rev.*, 287 Neb.

- 843 -

Nebraska Court of Appeals Advance Sheets
25 Nebraska Appellate Reports
BARRIOS v. COMMISSIONER OF LABOR
Cite as 25 Neb. App. 835

653, 657, 844 N.W.2d 276, 280 (2014), a case in the same procedural posture as the case before us, the Nebraska Supreme Court addressed the merits, recognizing that the appellant "timely appeals." Accordingly, we address the Department's assigned errors.

*Equitable Estoppel.*

The Department first argues that the district court erred in remanding the matter for a determination of whether the Department is estopped from seeking repayment of the benefits paid to Barrios to which he was not entitled. We conclude that because the elements of equitable estoppel are not present in the instant case, the district court erred in remanding the matter on that basis.

[10,11] Equitable estoppel is a bar which precludes a party from denying or asserting anything to the contrary of those matters established as the truth by his or her own deeds, acts, or representations. *Omaha Police Union Local 101 v. City of Omaha*, 292 Neb. 381, 872 N.W.2d 765 (2015). The doctrine applies where, as a result of conduct of a party upon which another person has in good faith relied to his or her detriment, the acting party is absolutely precluded, both at law and in equity, from asserting rights which might have otherwise existed. *Id*.

[12,13] The elements of equitable estoppel are, as to the party estopped: (1) conduct which amounts to a false representation or concealment of material facts, or at least which is calculated to convey the impression that the facts are otherwise than, and inconsistent with, those which the party subsequently attempts to assert; (2) the intention, or at least the expectation, that such conduct shall be acted upon by, or influence, the other party or other persons; and (3) knowledge, actual or constructive, of the real facts. *Id*. As to the other party, the elements are: (1) lack of knowledge and of the means of knowledge of the truth as to the facts in question; (2) reliance, in good faith, upon the conduct or statements of the

- 844 -

Nebraska Court of Appeals Advance Sheets
25 Nebraska Appellate Reports
BARRIOS v. COMMISSIONER OF LABOR
Cite as 25 Neb. App. 835

party to be estopped; and (3) action or inaction based thereon of such a character as to change the position or status of the party claiming the estoppel, to his or her injury, detriment, or prejudice. *Id*.

In the present case, Barrios argues that the doctrine of detrimental reliance applies because the Department paid unemployment benefits without a disqualification period when he had reported to its representative that he "only had worked for [Custom Rental] for three days." But Barrios does not explain how he relied upon such action. He had already terminated his employment with Custom Rental when he called the Department, so he is not claiming that the statement of the Department's representative induced him to quit his job. Barrios alleges in his amended petition that he was advised by the Department's representative he would be eligible for benefits and that based upon the representation, he applied for, and received, benefits. But at the hearing before the tribunal, he testified that the representative said, "'Oh, no problem. I congratulate you.'" We do not view that as a false representation upon which a person would reasonably rely to mean unemployment benefits were available without a disqualification period. Even Barrios' statement in his motion to reconsider that he was "advised that [he] qualified for Unemployment Benefits" cannot be construed as a representation that he would not have a disqualification period.

Even assuming Barrios relied upon the representative's statement as an inducement to apply for benefits, he suffered no harm in doing so. If he applied and the Department applied the 13-week disqualification period, he would receive nothing during those 13 weeks. If the Department did not apply the disqualification period, he would receive immediate unemployment benefits. He ultimately received immediate benefits to which the Department later determined he was not entitled. But because Barrios should never have received those benefits in the first place, allowing the Department to recoup the erroneously paid funds will cause no detriment to Barrios. He will

- 845 -

Nebraska Court of Appeals Advance Sheets
25 Nebraska Appellate Reports
BARRIOS v. COMMISSIONER OF LABOR
Cite as 25 Neb. App. 835

end up in the same position he would have been had benefits been properly delayed at the outset. And if he was entitled to benefits after the 13-week period (a question we are unable to determine based upon the record before us), and he had never applied for benefits, he would have ended up in a worse position. Thus, the doctrine of equitable estoppel is not applicable here. As a result, the district court erred in remanding the matter for a determination of whether the Department should be estopped from seeking repayment of the erroneously paid funds from Barrios.

*Benefits From Rogue Manufacturing.*

The Department also claims that the district court erred in remanding the matter for a determination of whether Barrios is eligible for benefits from Rogue Manufacturing. Specifically, it argues that the district court failed to properly construe Neb. Rev. Stat. § 48-626 (Reissue 2010) and § 48-628, leading to the erroneous conclusion that "an adjudication of the separation of Barrios from Rogue [Manufacturing] was required before a determination could be made whether he separated from employment with Custom Rental with good cause." Brief for appellant at 29. We disagree with the Department's interpretation of the district court's order.

[14] The sole issue addressed by the Department and the appeal tribunal was whether Barrios terminated his employment with Custom Rental for good cause. In his amended petition to the district court, Barrios alleged that the appeal tribunal's application of the disqualification period was erroneous in part because he was eligible for the benefits he received due to his employment with Rogue Manufacturing. Although this argument was raised for the first time on appeal to the district court, under the APA, the district court has the discretion to remand a case for resolution of issues that were not raised before the agency. See § 84-917. If the court determines that the interest of justice would be served by the resolution

- 846 -

Nebraska Court of Appeals Advance Sheets
25 Nebraska Appellate Reports
BARRIOS v. COMMISSIONER OF LABOR
Cite as 25 Neb. App. 835

of any other issue not raised before the agency, the court may remand the case to the agency for further proceedings. § 84-917(5)(b)(i).

The district court's order observes that the transcript and bill of exceptions before it do not indicate whether the Department assessed if Barrios was eligible for benefits from Rogue Manufacturing. It is undisputed that the Department is seeking reimbursement of benefits it claims were erroneously paid to Barrios based on its determination that he was subject to the 13-week disqualification period due to his voluntary termination from Custom Rental. However, if his eligibility for benefits was based upon his employment with Rogue Manufacturing, and his separation from that employer did not warrant disqualification, then any benefit received by Barrios should not have to be repaid. See *Gilbert v. Hanlon*, 214 Neb. 676, 335 N.W.2d 548 (1983) (benefits attributable to separate employer are disqualified separately). Contrary to the Department's interpretation, the district court's remand for consideration of Rogue Manufacturing's liability was not for the purpose of determining whether Barrios separated from employment with Custom Rental with good cause, but, rather, for the purpose of determining whether Barrios was required to repay the benefits he received.

The underlying, unresolved issue is whether the Department is entitled to a return of the benefits paid. We cannot find that the district court abused its discretion in remanding the matter for a determination of whether Barrios was entitled to the benefits he received as a result of his employment with Rogue Manufacturing.

We note that although the court's order indicates that it was remanding the matter to the appeal tribunal for this determination, the matter must be remanded to the Department. It is the Department's duty to assess whether a claimant is entitled to receive unemployment benefits for which he or she has applied, and under § 84-917(5)(b), the court may remand the case to *the agency* for further proceedings. Thus, we

- 847 -

Nebraska Court of Appeals Advance Sheets
25 Nebraska Appellate Reports
BARRIOS v. COMMISSIONER OF LABOR
Cite as 25 Neb. App. 835

modify the district court's order to remand the matter to the Department, rather than the appeal tribunal.

*Representation by Custom*
*Rental's President.*

Finally, the Department asserts that the district court erred in finding plain error in the appeal tribunal allowing the representation of Custom Rental by its president. The district court concluded that unless the president of Custom Rental was an attorney, he may not represent the corporation during the proceedings before the appeal tribunal. We conclude that the court erred in this determination.

[15] Pursuant to the Nebraska Supreme Court rules:

Whether or not they constitute the practice of law, the following are not prohibited:

. . . .

(C) Nonlawyers appearing in a representative capacity before an administrative tribunal or agency, subject to the following:

. . . .

(2) A nonlawyer who is an employee, member, or officer of an entity or organization may represent such entity or organization before an administrative tribunal or agency of the State of Nebraska, or a political subdivision of the State of Nebraska, if all of the following conditions are met:

(a) The tribunal, agency, or political subdivision permits representation of parties by nonlawyers;

(b) The nonlawyer employee, member, or officer is specifically authorized by the entity or organization to appear before the tribunal, agency, or political subdivision on its behalf;

(c) Such representation is not the primary duty of the nonlawyer employee, member, or officer to the entity or organization, but is secondary to other duties relating to the management or operation of the entity or organization;

- 848 -

Nebraska Court of Appeals Advance Sheets
25 Nebraska Appellate Reports
BARRIOS v. COMMISSIONER OF LABOR
Cite as 25 Neb. App. 835

(d) The nonlawyer employee, member, or officer does not receive separate or additional compensation (other than reimbursement for costs) for such representation;

(e) The representation does not involve a claim that the tribunal, agency, or political subdivision's action or the action of another person is illegal as a matter of law or unconstitutional; and

(f) The Nebraska Evidence Rules as applicable in the district courts do not apply to the administrative proceeding.

Neb. Ct. R. § 3-1004. Thus, under the Nebraska Supreme Court rules, a corporate officer who is not a lawyer is not prohibited from representing the corporation at an agency hearing under certain conditions. The record before us lacks evidence as to several of the conditions set forth in § 3-1004(C)(2), however. Thus, this court and the district court are unable to determine whether the representation of Custom Rental by its president constituted the unauthorized practice of law. Accordingly, the district court erred in finding that allowing Custom Rental's president to represent the corporation at the agency hearing was plain error.

## CONCLUSION

We conclude that the district court erred in remanding the matter for a determination of whether the doctrine of equitable estoppel applies to the Department's request for reimbursement of unemployment benefits paid to Barrios. In addition, the court's finding of plain error with respect to allowing Custom Rental's president to represent the corporation before the appeal tribunal was erroneous. The district court's order is therefore reversed as to those issues. We affirm the court's decision to remand the matter for a determination of whether Barrios is eligible to receive unemployment benefits from Rogue Manufacturing, but modify the order to remand the matter to the Department, rather than the appeal tribunal.

Affirmed in part as modified,
and in part reversed.